PEOPLE *ex rel.* COLLINS *v.* DONOHUE *et al.*

(*Supreme Court, General Term, First Department.* May 13, 1892.)

1. REVIVAL OF ACTIONS—SUBSTITUTION AFTER TRIAL.
   Where, after a case has been tried and submitted, the plaintiff dies, and the cause is continued by the substitution of deceased's representative, it must be decided on the facts and law as they existed at the time of the substitution, a supplemental complaint not being necessary to enable defendants to take advantage of any legal objection to the action as originally brought.

2. SAME—DEATH OF TRUSTEE.
   Code Civil Proc. § 766, provides that where an action is brought by a public officer, or "trustee appointed by virtue of a statute, his death * * * does not abate the action, * * * but the same may be continued by his successor, " who must be substituted. *Held* that where, in the original action, the designation "trustee" was appended to plaintiff's name as a mere *descriptio personæ*, it was not necessary to continue the action in the name of plaintiff's successor as "trustee, " the provisions of section 766 having no application in such case.

Appeal from special term, New York county.

Proceeding by John Collins, the legal representative of Maria Louisa Collins, deceased, to be substituted as plaintiff in an action entitled "The People of the State of New York, on the relation of Maria Louisa Collins, Trustee," etc., "against Charles Donohue and Garrett W. Ryckman, Jr." From an order of the court continuing such action in the name of John Collins, successor to Maria L. Collins, deceased, the defendants therein appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*A. Kling,* for appellants. *Simon W. Rosendale,* Atty. Gen., by *S. W. Valentine,* (*A. M. Card,* of counsel,) for respondent.

PER CURIAM. As this was an action which survived, it was a matter of course, under section 757 of the Code of Civil Procedure, upon the death of Maria Louisa Collins to continue it in the name of her legal representative. There was no necessity, as claimed by the appellant, for a supplemental complaint to enable the defendants to take advantage of any legal objection to the action as it was originally brought. The case was under advisement when Maria Louisa Collins died, and it will necessarily be decided upon the facts and the law as they existed at that time. Nor was it necessary to continue the action, under section 766 of the Code,[1] in the name of the successor to Maria Louisa Collins, as trustee. That section only applies to an action or special proceeding brought in the name of a public officer, or by a receiver or other trustee appointed by virtue of a statute. There is nothing in the record to show that Maria Louisa Collins came within this definition. On the contrary, that record shows that she alone was personally interested in the recovery of the fund for which the action was brought, and the designation "trustee," etc., appended to her name as relator, so far as we are informed

---

[1] Code Civil Proc. § 766: "Where an action * * * is authorized or directed * * * to be brought by or in the name of a public officer * * * or receiver, or other trustee appointed by virtue of a statute, his death * * * does not abate the action, * * * but the same may be continued by his successors, * * * who must be substituted for that purpose. * * *"

by this record, was a mere *descriptio personæ.* The averments of the petition upon which the order appealed from was made are not denied, and those averments clearly show that the order substituting the legal representative of Maria Louisa Collins was right.  The purpose of the order appealed from was to permit the learned judge who has the case under advisement to decide it, and the revival properly accomplishes that object, without the least prejudice to the defendants or to any defense which they have interposed.  The order should be affirmed, with $10 costs and disbursements.