·(23 Misc. Rep. 518.)

### HOEFLIN et al. v. GEDNEY et al. ₒ

(City Court of New York, General Term. May 10, 1898.)

1. TRIAL—NOTE OF ISSUE—SUBSTITUTION OF PARTIES.

 The city court has power to provide, after issue has been joined, and a note of issue filed, that a new note of issue is not necessary where it substitutes the personal representatives of a deceased defendant in his place and stead; and it has power to grant that substitution without prejudice to the proceedings had in the action and to the original position of the case, where it has been marked reserved generally upon the calendar.

2. APPEAL—QUESTIONS REVIEWABLE.

 Where an order containing such provisions has not been appealed from, nor reversed, vacated, or annulled, the court has power to thereafter restore the cause, on motion, to the day calendar for trial, and an appeal from the latter order merely brings up nothing for review.

Appeal from special term.

Action by August Hoeflin and another against William A. Gedney and another. From an order restoring cause to the day calendar for trial, defendants appeal. Affirmed.

Argued before McCARTHY, O'DWYER, and SCHUCHMANN, JJ.

John F. Meyer, for appellants.

E. W. S. Johnston, for respondents.

O'DWYER, J. The order for revivor recites that it was entered after proof of due service of the moving papers for a revivor upon the executors. It also recites that an attorney appeared on behalf of said executors, who did not oppose the granting of the motion. The authority of that attorney to appear is disputed, but the order was granted after service of the notice of motion upon the executors. The order was never appealed from, and no motion was made to vacate it, and that order provides that the granting of leave to serve a supplemental complaint shall be without prejudice to the proceedings already had in this action, and without prejudice to the position of the case upon the calendar of this court.

This court has complete control over its own calendar, and has power to provide that, after issue has been joined, and a note of issue filed, a new note of issue is not necessary, where it substitutes the personal representatives of a deceased defendant in his place and stead, and it has power to grant that substitution without prejudice to the proceedings had in the action, and to the original position of the case upon the calendar. Having that power, and having exercised it, and the order which did exercise the power and granted the motion not being appealed from, not being reversed, vacated, or annulled, it is manifest that the court had power to restore the cause to the day calendar for trial. Hunnewell v. Shafer (City Ct. N. Y.) 9 N. Y. Supp. 540. As long as the order of revivor, providing that the revivor should be without prejudice to the position of this cause upon the calendar, stood, the order that was granted necessarily followed it, and the appeal from that order does not bring up anything before this court. The original order of revivor having been entered upon notice to the executors, and an attorney having appeared

on their behalf, and not opposing the granting of the motion, they were bound either to appeal from that order, if they felt aggrieved by the terms thereof, or they were bound to move to vacate the order if it were not granted upon notice to them, and if the attorney who appeared for them, moreover, did not have power to appear for them. That they have not done, and the terms of the order standing that provided that the position of the case on the calendar, which was reserved generally, should remain, and that the revivor should be without prejudice to such position on the calendar, and to the proceedings already held in the action, it was a necessary result that the court, when moved to restore the case to the day calendar, should grant that order.

Order appealed from affirmed, with $10 costs.    All concur.