(57 App. Div. 484.)

## WILSON v. HARTER.

(Supreme Court, Appellate Division, Fourth Department. January 15, 1901.)

1. ADMINISTRATORS—SUBSTITUTION FOR DECEDENT—MOTION—AFFIDAVIT—SUFFICIENCY.

    Under Code, § 757, declaring that on the death of one who is the sole plaintiff in an action the personal representative of the deceased may be substituted on the application of the party representing the decedent, where a motion for substitution of an administratrix was based on an affidavit of the attorney who had appeared for deceased, but the affidavit failed to state that the motion was made on behalf of the administratrix, or that she assented to it, or had any knowledge of it, the motion should not be granted.

2. SAME—APPEAL—STIPULATION—CONSENT.

    Where a motion under Code, § 757, authorizing substitution of the personal representative of a deceased plaintiff, was erroneously granted because of the affidavit in support of the motion not showing that it was made on behalf of the administratrix, or that she assented or knew of it, on appeal an affidavit of the administratrix certifying that the motion was made with her knowledge and consent, and a stipulation acknowledged by her waiving notice of motion for substitution, could not be considered, they not being contained in the printed record, and there being nothing to show that the adverse party was apprised of them.

Appeal from trial term, Onondaga county.

Action by Stanley W. Wilson against Charles Harter. From an order substituting Mary A. Wilson, the administratrix of the original plaintiff, as party plaintiff in the action, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Albert M. Mills, for appellant.

John H. McCrahon, for respondent.

SPRING, J. The motion was to substitute Mary A. Wilson, as administratrix of the goods, etc., of the deceased, Stanley W. Wilson, as plaintiff in the action in his stead. It was based solely upon the affidavit of the attorney who appeared for the intestate. The affidavit stated that the attorney appeared for the plaintiff in the action; that the plaintiff died September 15, 1899, and that on March 20, 1900, Mary A. Wilson was duly appointed his administratrix. There is no suggestion in the affidavit that the attorney made the motion on behalf of the administratrix, or that she assented to it, or knew of it. Where the cause of action survives, substitution of a personal representative in place of a deceased person who is the sole plaintiff or defendant may be made either on the application of the party representing the decedent or by the adverse party. If the proper facts appear, the court "must, upon motion, allow or compel the action to be continued by or against his representative or successor in interest." Code, § 757. The party who is to be substituted must, however, assent to the substitution, or, if made by the adverse party, have notice of it. In this case the attorney appearing on behalf of the motion stated that he represented the plaintiff, but that relationship had terminated by death. Upon a dismissal of the complaint or

ending of the action the substituted plaintiff might claim the motion was made without her consent or knowledge. So far as the record shows, there is nothing to prevent that claim by her. In any event, the foundation of the motion is her consent, and the motion papers are barren of any intimation of authority from her. The defendant appeared on the motion, and opposed the substitution. While, in a proper case, the substitution is of little moment to the opposing party, yet he is interested in having the substituted party bound by the order. The respondent's counsel has submitted with his brief an affidavit in writing from the administratrix certifying that the motion was made with her knowledge and consent; and also a stipulation, executed and acknowledged by her, waiving notice of motion for substitution. The affidavit and stipulation are not contained in the printed record. There is nothing to indicate that the counsel for the appellant has been apprised of them, or knew that they were to be submitted. We cannot, therefore, consider the affidavit and stipulation upon this appeal.

The order is reversed, with $10 costs and disbursements of this appeal, but without prejudice to making another motion for substitution at the special term, upon proper papers. All concur.