ROBINSON v. THOMAS et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. ABATEMENT AND REVIVAL—PROCEEDINGS FOR REVIVAL—AFFIDAVITS.

An order to revive an action on the death of plaintiff should not be granted on the affidavit of an attorney, stating that he is the attorney for the executors of the decedent without averring that they authorized him to make a motion to revive.

2. SAME.

Under Code Civ. Proc. § 757, providing that, on the death of the sole plaintiff in a cause of action which survives, the court must on motion allow the action to be continued by his representative, etc., the moving papers on a motion to revive an action on the death of plaintiff should contain the complaint, or the nature of the action should be shown, so as to enable the court to determine whether the cause of action survives.

3. SAME—ACTIONS WHICH SURVIVE.

An action to compel defendant to account for moneys received by him for the benefit of plaintiff, for which defendant owes plaintiff an accounting, survives the death of plaintiff pending the action.

4. PARTIES—DEFECTS—NONJOINDER OF PARTIES PLAINTIFF.

A defect of parties plaintiff can only be cured by amending the summons by joining the necessary parties as plaintiffs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, §§ 160–166.]

5. SAME—NONJOINDER OF PARTIES DEFENDANT.

A defect of parties, resulting from omission of necessary parties defendant, can only be cured at the instance of plaintiff, without the consent of defendants, by serving a supplemental summons, as authorized by Code Civ. Proc. § 453.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, §§ 85, 160–166.]

6. ABATEMENT AND REVIVAL—REVIVAL OF ACTIONS—PROCEEDINGS AFTER REVIVAL.

Where the original plaintiff at the time of his death was authorized to serve an amended complaint, which he had not served, the facts with respect thereto should be fully shown on the motion to revive the action, to the end that the court might know in what respect the original plaintiff was authorized to amend, and thus give his representatives a reasonable time within which to serve an amended pleading setting up the facts which the original plaintiff was authorized to set up by an amended complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, § 490.]

**7. SAME.**

　　Under Code Civ. Proc. §§ 453, 544, 760, authorizing the bringing in of a new defendant, permitting the filing of supplemental pleadings, and relating to the revival of actions on the death of a party thereto, it is not necessary to serve a supplemental summons and complaint on the revival of an action after plaintiff's death, unless a new party defendant is to be brought in, since the right of the representatives of plaintiff to continue the action is not an issuable fact occurring after its commencement, and that question must be determined solely on the motion to revive or by appeal from the order granting it.

**8. SAME.**

　　Where the affidavit on a motion to revive an action on the death of plaintiff averred that during plaintiff's lifetime a demurrer had been interposed to the complaint, and that the same was, as affiant was informed, sustained because of a defect of parties, with leave to plaintiff to serve an amended complaint, without stating the source of affiant's information, an order of revival with authority to serve an amended complaint was erroneous, so far as it granted leave to the substituted plaintiffs to serve an amended complaint.

　　Appeal from Special Term.

　　Action by Charles K. Robinson against Edward R. Thomas and others. From an order granting a motion for a reargument of the motion to revive the action, and reviving it in the names of the executors of the deceased plaintiff as plaintiffs, and permitting them to serve an amended complaint, defendants appeal. Modified and affirmed.

　　Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

　　Richard A. Irving, for appellants.
　　Charles S. Taber, for respondent.

　　INGRAHAM, J. We would not review the discretion of the court in granting the motion for a reargument. The relief, however, granted by the court on the reargument, was unwarranted by the moving papers. This is the second attempt to revive this action, and the papers are still defective. The first motion to revive it was made ex parte. This motion on notice was based solely upon the affidavit of an attorney who states that he is the attorney for the executors; but he does not show that they authorized him to make the motion—a fact which, it was pointed out in Wilson v. Harter, 57 App. Div. 584, 68 N. Y. Supp. 116, should appear either by his affidavit or by the affidavit of the executors. Assuming that it might be presumed that the attorney had authority to make the motion, the complaint should have been made a part of the moving papers, or the nature of the action should have been more fully shown; for the authority of the court to make the order depends upon whether the cause of action survives. Code Civ. Proc. § 757. The attorney states in his affidavit that the action was brought to compel the defendants to account for moneys alleged to have been received by them for the benefit of the plaintiff under an agreement in writing, and that is not controverted. If the action be to compel the defendants to account for moneys received by them for the benefit of the decedent, for which they owed him an accounting, the cause of action would, of course, survive.

There are other more serious objections to the order. The authority to serve an amended complaint is conferred by the order in general language, with no limitation. The attorney states, in his affidavit, that during the lifetime of the original plaintiff a demurrer was interposed to the complaint, and that he is "informed" that it was sustained "because of a defect of parties," with leave to the plaintiff to serve an amended complaint; but he does not state the source of his information, nor does he even say that he believes it to be true. This is all that he shows on that subject. If the demurrer was sustained on the ground that there was a defect of parties plaintiff, the defect could only be cured by amending the summons by joining the necessary parties as plaintiffs, and if the defect was an omission of necessary parties defendant that could only be cured at the instance of the plaintiff, without their consent, by serving a supplemental summons. Code Civ. Proc. § 453. It does not, however, appear that authority to amend the summons or to issue a supplemental summons was granted. It was doubtless intended, under this order, to authorize the executors to serve an amended complaint, such as the decedent was entitled to serve in his lifetime, with appropriate allegations with respect to his death and their appointment as executors and the revival of the action, because if, as indicated, a demurrer to the original complaint had been sustained, it would have been futile to have amended it by merely alleging the revival and continuance of the action. If the original plaintiff at the time of his death was authorized to serve an amended pleading, which he had not served, the facts with respect thereto should have been fully shown, to the end that the court might know in what respect he was authorized to amend, and might have given the executors a reasonable time within which to serve an amended pleading, setting up in addition the formal matters concerning their right to continue the action, a practice which, although unnecessary, is customary—the facts which their decedent was authorized to set up by an amended complaint. As has been seen, however, this was not done. Unless a new party defendant was to be brought in without his consent, there was no necessity of serving a supplemental summons or complaint (Code Civ. Proc. §§ 453, 544, 760); and if the cause of action survived, and no new party was to be brought in against his will, the motion having been made on the application of the executors, who stood in the right of the original plaintiff, it was not even necessary to serve an amended or supplemental summons and complaint, for no issue could be joined by the pleadings with respect to the right of the executors to be substituted and to continue the action, as these were not issuable facts occurring after its commencement and required to be pleaded in a supplemental complaint (Code Civ. Proc. § 544), and they were to be determined solely upon the motion or by appeal from the order granting it (Wood v. Flynn, 30 Hun, 444). On these facts the order could have been made without prejudice to the proceedings already had in the action, even though the case had proceeded to judgment or an appeal was pending. Riley v. Gitterman, 55 Hun, 605, 10 N. Y. Supp. 38; People ex rel. Collins v. Donohue, 64 Hun, 635, 19 N. Y. Supp. 36; Hoeflin v. Gedney, 23 Misc. Rep. 518, 51 N. Y. Supp. 871.

The order, therefore, in so far as it granted leave to the substituted plaintiffs to serve an amended complaint, was unauthorized. If the decedent had that right, and the time for serving the pleading had not expired, the executors, upon being substituted, took his place, and might serve the pleading under the original authority which the decedent had and without further order of the court; and if they need further time, or the time has expired, they may apply to the court for an extension of time or to open his or their default.

It follows that the order should be modified, by striking out the provision authorizing the plaintiffs to serve an amended complaint within 20 days, and, as so modified, affirmed, without costs. All concur.