NINFO MANNINO, as Administratrix, etc., of VITO MANNINO, Deceased, Appellant, v. MALLOUF HAULAGE AND MAINTENANCE CORPORATION and THE TIDE WATER OIL SALES CORPORATION, Respondents.— Judgment reversed upon the law and new trial granted, costs to abide the event. The charge of the court appearing at folio 566 was plainly erroneous and we cannot say that it was not prejudicial to plaintiff. No exception was taken to it, but, in the interests of justice, we think a new trial should be had. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

THOMAS A. McWHINNEY, Doing and Transacting Business as and under the Name and Style of THOS. A. McWHINNEY REALTY COMPANY, Respondent, v. FRANKLIN B. LORD and Others, Appellants, and CHARLES R. BETTES, Defendant. — Judgment, as amended, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

JOHN NEIS, Respondent, v. JOSEPH DEGREGORY, Appellant.— Order modified by striking from item 5 of the notice of examination the words " whether he [defendant] failed, neglected or refused to account therefor to the plaintiff," and the words " and whether any part thereof has been paid," and by striking therefrom item 7. As so modified, the order is affirmed, without costs. Examination to proceed on five days' notice at same place and hour. While, in order to ascertain the amount of plaintiff's interest in the real property, it will be necessary upon the trial to prove the amount of profits, it will not be a part of plaintiff's case to prove that there was no accounting and that no amounts have been paid by defendant to plaintiff. No reason is disclosed for requiring an examination as to item 7. Lazansky, P. J., Rich, Young, Kapper and Carswell, JJ., concur.

HANNAH FLYNN O'BRIEN and JAMES FRANCIS FLYNN, Appellants, v. MARY FLYNN, Respondent. (Appeal No. 1.) — Order and judgment reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The learned Special Term was without power to make the order appealed from. Upon the death of the sole defendant, this action abated and could be revived and continued only upon the substitution of her successors in interest as defendants. Until such substitution was made, no proceedings in the action could be taken by either party, and the respondent's attorney ceased to be her attorney upon her death, and was without authority to make the motion to dismiss. (*Wilson* v. *Harter*, 57 App. Div. 484.) Furthermore, the administratrix of the deceased defendant has no interest in her real property and no standing to take any proceedings in the action. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.