### SEVERIN v. HOPPER.

#### (City Court of New York, General Term. March, 1902.)

**DISMISSAL OF ACTION—WANT OF PROSECUTION—ERROR.**

    A case, when reached for trial, was by consent marked "Reserved generally," and the same entry made nine months later. After remaining on the calendar for over four years more, a motion to dismiss for want of prosecution was made, and the plaintiff requested another opportunity to bring the case to trial. The defendant was partially responsible for the delay. *Held*, that the motion should have been denied.

Appeal from special term.

Action by Edward Severin against Isaac A. Hopper. From an order and judgment dismissing the action, plaintiff appeals. Reversed.

Argued before McCARTHY, DELEHANTY, and SEABURY, JJ.

Henry F. Lippold, for appellant.

Charles W. Dayton, for respondent.

SEABURY, J. Issue was joined in this action on July 26, 1895, and the case noticed for trial for the first Monday in December of that year. The case appeared on the calendar on December 7, 1896, and at the request of the defendant was adjourned. On January 11, 1897, it was reached for trial, but, owing to the fact that negotiations for a settlement were pending between the parties, it was by consent marked "Reserved generally." In the following October, the case appearing on the trial calendar, it was again by consent marked "Reserved generally." A motion to dismiss the action for want of prosecution was made in January, 1902. Upon the return of the motion the plaintiff requested another opportunity to bring the case to trial. The motion was granted, and this appeal is from the order and a judgment entered thereon dismissing the action for want of prosecution. The defendant was partially responsible for the delay arising in the trial of the case, and seems to have connived at the delay in bringing the action to trial. In Heymer v. Arthur (Sup.) 7 N. Y. Supp. 437,—a case somewhat similar to the case at bar,—Van Brunt, P. J., said:

"We think, under the circumstances of this case, that it was too harsh a punishment to dismiss his action. Ample justice would have been done by compelling the plaintiff to stipulate to try the case at the next term of the court, and to pay all costs of the motion."

The order appealed from should therefore be reversed, but without costs, and the motion denied, upon the plaintiff giving a stipulation to try the case at the next term of the court, and the payment of $10 costs of the motion. The judgment follows the reversal of the order.

Order reversed, without costs. All concur.