tiff "made false and fraudulent statements to the defendant in certain papers purporting to be proofs of loss, and otherwise, and falsely stated and swore, among other things, in said pretended proofs of loss," that the value of the property covered by the policy and the damage thereto was $23,500, whereas it was less than one-half that sum. This is followed by allegations that he repeated such "false and fraudulent statements" in an examination subscribed and sworn to by him which was had under the provisions of the policy, and also "submitted false books and documents" in support of his claim. This defense is made under the provision of the policy that the policy shall be void "in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof whether before or after a loss."

It is a trite rule of pleading that fraud can be pleaded only by alleging specifically the facts constituting it. The only facts alleged here are (1) that the plaintiff falsely stated the value of the property insured and the loss at more than double what they were, (2) that he repeated this in his examination, and (3) that he submitted false books and documents to support his claim of loss. The general statements, "and otherwise," "among other things," and the like, go for nothing.

It would be a strange thing to grant a bill of particulars of the facts constituting fraud, when the pleading itself must contain them. Here three facts only are alleged. The proofs of loss show whether the plaintiff stated therein that the value and loss were $23,500, and the defendant has to show that that was excessive to make his defense on that head; the subscribed examination shows whether the plaintiff repeated such statement therein, and the plaintiff knows what books and documents he submitted and whether they were false.

Nevertheless the order appealed from is that the defendant deliver a bill of particulars "of the false and fraudulent statements referred to" in the said defense, and of the false books and documents, and "stating what the false and fraudulent statements in the proofs of loss were, and what the false and fraudulent statements made upon the plaintiff's examination were." How can we affirm such an order? It would make a most troublesome precedent.

---

(51 Misc. Rep. 588.)

## McHUGH v. METROPOLITAN STREET RY. CO.

(Supreme Court, Appellate Term.    November 14, 1906.)

DISMISSAL—FAILURE TO PROSECUTE—WAIVER.

> Where a cause placed on the calendar in July, 1900, was noticed for trial by both parties, and all subsequent adjournments were taken either at the request or with the consent of the defendant, defendant was thereby estopped to charge plaintiff with laches in the prosecution of the action and demand a dismissal for want of prosecution, as authorized by Code Civ. Proc. § 822, and Gen. Prac. Rule 36.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, § 147.]

Appeal from City Court of New York.

Action by Thomas F. McHugh against the Metropolitan Street Railway Company. From an order of the New York City Court, dismissing plaintiff's complaint, he appeals. Reversed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Kurzman & Frankenheimer (Nathan Ottinger, of counsel), for appellant.

Bayard H. Ames, for respondent.

GILDERSLEEVE, J. This is an appeal from an order of the Special Term of the City Court. The facts appear to be substantially as follows, viz.: The action is for personal injuries. Issue was joined on January 19, 1900. Notice of trial was served by both parties in July, 1900, and in the same month the case was put on the calendar by plaintiff. The cause appeared several times on the day calendar, and was adjourned, sometimes at the request of one party and sometimes at the request of the other, but always on consent of both parties. Negotiations were going on in the meanwhile with a view to a settlement. On February 6, 1905, when the case appeared again on the calendar, although there was a stipulation in which both parties consented to a further adjournment to April, the court sent the case to the foot of the calendar. Before the case had again been reached for trial, defendant made a motion, under section 822 of the Code and rule 36 of the General Rules of Practice, to dismiss the complaint for want of prosecution, which motion was granted; and from the order granting such motion plaintiff now appeals to this court. It is undisputed that the cause was put upon the calendar in July, 1900, and was duly noticed for trial by both parties, and that all adjournments have been made either at the request or with the consent of the defendant. On each occasion, when the cause appeared on the day calendar, defendant waived whatever right it may have had to an immediate trial by consenting to an adjournment. Under these circumstances, defendant is not in a position to charge plaintiff with laches in the prosecution of the action. The dismissal of the complaint will inflict a great hardship upon the plaintiff, and in view of the defendant's complicity, to say the least of it, in all the delays and adjournments, we are of opinion that the exercise of a wise discretion should have prompted the learned court below to deny the motion.

Order reversed, with $10 costs and disbursements.

DOWLING, J., concurs. DUGRO, J., took no part.