### SEEBACH v. FENKART.

(Supreme Court, Appellate Term. March 16, 1911.)

DISMISSAL AND NONSUIT (§ 60*)—WANT OF PROSECUTION.

    A defendant, who agrees that the cause shall be reserved generally pending the disposition of a proceeding, subject to the restoration of the cause to the day calendar on the termination of the proceeding, cannot thereafter procure a dismissal of the cause for failure to prosecute until after it has been restored to the call or day calendar; and mere delay of plaintiff, ignorant of the termination of the proceeding for about two years after its termination, in prosecuting the action, does not amount to laches, justifying dismissal for want of prosecution.

    [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

Appeals from City Court of New York, Special Term.

Actions by John Seebach, Jr., against Charles Fenkart. From orders dismissing the complaints in each action for want of prosecution, plaintiff appeals. Reversed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Samuel I. Frankenstein, for appellant.

Charles D. Miller, for respondent.

PER CURIAM. These cases were placed on the calendar and notes of issue filed soon after issue was joined. They appeared for the first time on the calendar for trial on January 11, 1909. On January 9, 1909, at the request of a duly authorized representative of defendant's attorney, they were marked "Reserved generally," pending the determination of certain bankruptcy proceedings; defendant's attorney stating that he would consent to their being restored to the day calendar on the termination of such proceedings. The bankruptcy

proceedings terminated in March, 1909; but plaintiff had no knowledge of that fact until 1911. He then asked the consent of defendant's attorney to restore them to the day calendar, which request was refused, and defendant moved to dismiss the cases for want of prosecution.

New notes of issue were served each year by plaintiff's attorney, and there does not appear to have been any laches on his part. Defendant was as responsible as the plaintiff for the delay in restoring the cases to the day calendar. Where a defendant consents that a cause be reserved generally, he cannot thereafter have the case dismissed for failure to prosecute until after it has been restored to the call or day calendar. McHugh v. Met. St. Ry. Co., 51 Misc. Rep. 588, 101 N. Y. Supp. 95; Severin v. Hopper, 37 Misc. Rep. 863, 76 N. Y. Supp. 976. The orders must be reversed.

Orders reversed, with $10 costs and disbursements in each case, and motions denied.