HARRIS v. REICHENBACH et al.

(Supreme Court, Appellate Division, First Department. April 12, 1912.)

DISMISSAL AND NONSUIT (§ 60*)—LACK OF PROSECUTION—EXCUSE.

A failure to promptly put a cause on the calendar for trial, which will justify a dismissal of the complaint for a failure to prosecute, is not excused by the fact that an order for the examination of the plaintiff was outstanding, and that his testimony thereunder had never been concluded.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

Appeal from Special Term, New York County.

Action by Davis Harris against Louis Reichenbach, Jr., and others. From an order denying a motion to dismiss the complaint for failure to prosecute, Louis Reichenbach, Jr., appeals. Reversed, and motion to dismiss granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

David W. Kahn, of New York City, for appellant.

DOWLING, J. The action was commenced February 17, 1909, and issue was joined April 26, 1909. Plaintiff has never noticed the cause for trial or filed any note of issue. Defendant shows that issues of a much later date have been reached for trial and disposed of. The sole excuse offered by plaintiff for his failure to move the cause for trial is that an order for his examination before trial was granted January 11, 1910; that his testimony thereunder has never been concluded; that he now is in Florida, where he has sojourned for some time; and that defendant's attorneys have refused to fix a definite time for his final examination. Defendant claims that plaintiff defaulted on his examination. However that fact may be, plaintiff has failed to furnish any valid excuse for his failure to promptly put the cause upon the calendar for trial. The fact that an order for his examination was outstanding was no reason why he should not have proceeded with his action.

The order appealed from will be reversed, with $10 costs and disbursements, and the motion to dismiss the complaint granted, with $10 costs. All concur.