### ARMSTRONG v. STAR CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1912.)

1. DISMISSAL AND NONSUIT (§ 60*)—UNREASONABLE DELAY.

　　A delay of over two years in bringing an action to trial after the joinder of issues presents a prima facie case of unreasonable neglect warranting dismissal in the absence of showing by plaintiff that his neglect was not unreasonable.

　　[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

2. DISMISSAL AND NONSUIT (§ 60*)—DISCRETION OF TRIAL COURT.

　　Where a prima facie case of unreasonable delay in bringing an action to trial is shown, the court is not authorized, in the absence of any excuse, to exercise its discretion in behalf of the plaintiff so as to prevent dismissal.

　　[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

　　Woodward, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Philander B. Armstrong against the Star Company. From an order denying defendant's motion to dismiss because of unreasonable neglect in prosecuting the action, defendant appeals. Order reversed, and motion to dismiss granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

M. De Witt, of New York City (John T. Sturdevant, of New York City, on the brief), for appellant.

George P. Fall, of New York City, for respondent.

RICH, J. This appeal is from an order denying defendant's motion to dismiss the complaint because of the unreasonable neglect of plaintiff to prosecute the action. The action is for libel. The publication complained of was made on December 4, 1907. This action was commenced September 14, 1909, and issue was joined by the service of an amended answer April 14, 1910, since which time the plaintiff has done nothing toward bringing the action to trial, except that he served a notice of trial August 14, 1912, but this was not done until some time after the defendant moved to dismiss for failure to prosecute.

[1, 2] It appears that younger issues have been tried and disposed of in their regular order, and the burden was upon the plaintiff of showing that his neglect was not unreasonable. This he has failed to do. No excuse is offered by plaintiff in explanation of his delay of over two years. This of itself establishes a prima facie case of unreasonable neglect. Upon an application of this character, where the moving papers make a prima facie case, it is incumbent upon the plaintiff to show that his neglect was not unreasonable, and where, as in this case, no satisfactory explanation is made, the court is not authorized to exercise its discretion in plaintiff's favor. Regan v. Milliken Bros., 123 App. Div. 72, 107 N. Y. Supp. 722; Ingri v. Star Co., 134 App. Div. 960, 119 N. Y. Supp. 502.

The order must be reversed, with $10 costs and disbursements, and the motion to dismiss the complaint granted, with costs.

JENKS, P. J., and THOMAS and CARR, JJ., concur. WOODWARD, J., dissents upon the ground that the Special Term should not be interfered with in cases of this character unless the circumstances are quite unusual.