DETROIT COPPER & BRASS ROLLING MILLS CO. v. WISE et al.

(District Court, N. D. New York. June 24, 1922.)

Dismissal and nonsuit ⊶81(6)—Dismissal for delay in prosecution set aside.

    Under a standing order requiring the clerk to mark all cases dismissed in which no action had been taken for two years, subject to revival on application and cause shown, plaintiff *held* entitled to have a case so dismissed restored to the calendar, where the delay was pending a motion which by stipulation of counsel was to be heard at a time to be agreed upon.

At Law. Action by the Detroit Copper & Brass Rolling Mills Company against Hattie Wise and Robert J. Buck, executors. On motions by plaintiff to have case restored to calendar, and by defendant to make dismissal absolute. Motion of plaintiff granted.

Purcell, Cullen & Pitcher, of Watertown, N. Y. (Francis R. Cullen, of Watertown, N. Y., of counsel), for plaintiff.

W. W. Kelley, of Watertown, N. Y., for defendants.

COOPER, District Judge. This action was commenced December 28, 1917. A stipulation was entered into by counsel extending the time

of the defendants to plead or move in reference to the complaint until the 26th day of February, 1918. Before that time, and on the 8th day of February, the defendant made a motion returnable February 19, 1918, at Norwich, to make the complaint more definite and certain or for a bill of particulars. A postponement of the argument on the motion was agreed upon by the attorneys. Thereafter the attorneys entered into a stipulation postponing the argument of the motion to a time to be later agreed upon, and also providing that the defendant might have 20 days' additional time in which to answer, demur, or otherwise move in respect to the complaint; the time to run, however, from service of written notice of the entry of an order made upon the defendant's motion. Nothing further was done by the attorneys until February 1, 1922, when one of the attorneys for the plaintiff informed the defendant's attorney that he desired to argue the motion, and, upon being advised that he had better serve the usual notice of motion, a notice was served on February 6th, and made returnable at Albany on the 16th. The motion was decided.

It now appears that in the meantime, and on June 22, 1920, this action was marked "dismissed" by the clerk, pursuant to a general order made by Judge Ray in October, 1917, providing that all cases where no action was taken for two years were to be so marked. This general order of Judge Ray further provided that the dismissal should be without prejudice, and that the case might be revived upon application and cause shown. The plaintiff now moves to have the cause restored to the calendar, and the defendant moves to make the dismissal absolute, with costs.

The action is upon contract, and the damages claimed are substantial, to wit, $27,000. It is a general rule in this state that, where no effort is made to bring the cause to trial for two years, such delay constitutes a prima facie case for dismissal, and the burden of establishing a satisfactory excuse for the delay or neglect is upon the plaintiff. See Armstrong v. Star Co., 154 App. Div. 320, 321, 138 N. Y. Supp. 959; and Harris v. Reichenbach, 150 App. Div. 220, 134 N. Y. Supp. 657.

However, in this case, the stipulation entered into between the parties provided that the attorneys should agree upon a time for a hearing of the motion to make the complaint more definite. It may therefore be said that there was a woeful lack of diligence on the part of both counsel in agreeing to a date for the argument. It cannot be assumed that the delay was without the consent of the defendant's counsel, for the contrary appears. Counsel for the defendant cannot expect his own consent to be used as both a shield and a sword, excusing himself for the delay on the one hand, and at the same time and by the same act seeking to have such delay militate against the plaintiff. See McHugh v. Metropolitan S. R. Co., 51 Misc. Rep. 588, 101 N. Y. Supp. 95; Dome v. S. R. Co., 152 App. Div. 134, 136 N. Y. Supp. 510.

The parties are bound by their own stipulation, and in view of that fact this court feels that the cause of action should be restored to the calendar, and that the motion of the defendant should be denied, upon payment, however of $10 costs to defendant on each motion, and on the

further condition that, if the case is not moved for trial at the June or December term of the court, the defendant may without notice enter an order dismissing the complaint.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes