Howard A. Zeller, J.
Defendant moves to dismiss this action for lack of prosecution.
This action was commenced on September 7, 1956 by service of a summons alone. A notice of appearance including a demand for a complaint was served within 20 days thereafter. The complaint, alleging a cause of action for negligence, was not served until January 15, 1958 and only after a motion to dismiss for failure to serve a complaint had been made. On January 21, 1958 an answer was served and a demand made for a bill of particulars. The bill of particulars was not served until after a motion for preclusion had been conditionally granted. A note of issue was filed on January 13, 1961 but only after these motion papers had been served.
A prima facie case of undue delay is established whenever, in the language of rule 156 of the Rules of Civil Practice, ‘ ‘ an issue of fact in any action pending in any court has been first joined and (1) the plaintiff therein shall fail to serve and file a notice of issue for a term within six months thereafter; or (2) if the plaintiff therein shall have failed to serve and file a notice of issue at a time when later cases have been reached in regular order on the calendar of a term for which a note of issue could have been served and filed ”.
Once undue delay has been established prima facie, a court should indulge a plaintiff only if (1) a satisfactory explanation for the delay has been demonstrated, (2) the merits of the action have been demonstrated by plaintiff himself or one having personal knowledge of the cause of action, and (3) plaintiff’s intent to diligently prosecute the action henceforth is established. (Maizonet v. Lee Properties, 11 A D 2d 667; Fiorello v. Towers Management Corp., 6 A D 2d 677; Moebus v. Tishman Co., 5 A D 2d 786, appeal dismissed 5 N Y 2d 945; Davis v. Cunard S. S. Co., 284 App. Div. 1036; Armstrong v. Star Co., 154 App. Div. 320.)
The calendar condition in Chenango County, where this action is pending, would have permitted this action to have been reached for trial almost four years ago had plaintiff elected to diligently proceed with his case. Plaintiff’s assertions that he had been away for a year and not in touch with his counsel, that his counsel has been busy, and that defendant has substituted attorneys, do not constitute reasonable excuse for the delay in prosecuting this action.
*1093 Serving and filing the note of issue by plaintiff as soon as this motion to dismiss was made does not excuse his past neglect nor his present failure to furnish an affidavit of merits in opposition to this motion. (Nigro v. City of New York, 3 A D 2d 987; Giovannucci v. Brooklyn & Richmond Ferry Co., 278 App. Div. 861.)
Prompt disposition of actions whenever possible is not only beneficial to individual litigants but also furthers justice generally and furnishes less ground for criticism of our judicial system.
The motion should he granted and this action unconditionally dismissed for lack of prosecution.