Mary A. McIntyre, Respondent, v. D. W. Branner, Appellant.

Second Department, October 16, 1925.

**Trial — failure to prosecute — motion under Civil Practice Act, § 181, and Rules of Civil Practice, rule 156, to dismiss for failure to prosecute — no opposing affidavits — motion denied below and case restored to calendar — motion should have been granted.**

It was error for the court to deny a motion by the defendant made under section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice to dismiss the action for failure on the part of the plaintiff to prosecute, although the motion is addressed to the discretion of the court, for it appears that while the plaintiff appeared on the motion, no opposing affidavits were filed, and that issue was joined in May, 1922, but nothing was done toward prosecuting the action prior to the making of the motion. Since there is nothing to excuse plaintiff's delay, the court should not have denied the motion and restored the case to the calendar.

Appeal by the defendant, D. W. Branner, from an order of the County Court of the county of Westchester, entered in the office of the clerk of said county on the 24th day of July, 1925, denying defendant's motion to dismiss the complaint herein on the ground of failure to prosecute and allowing the plaintiff to restore the above-entitled action to the Westchester County Court calendar for the October, 1925, term.

*Edwin A. Jones* [*Walter F. Wesley* with him on the brief], for the appellant.

No appearance or brief for the respondent.

Per Curiam:

In this action to recover damages from the defendant dentist for alleged malpractice, issue was joined in May, 1922. In June, 1925, the defendant moved for an order dismissing the action for lack of prosecution under Civil Practice Act, section 181, and rule 156 of the Rules of Civil Practice, upon an affidavit that no proceedings had been taken in the action since November, 1922, when the case was marked off the Trial Term calendar in the County Court.

The learned county judge denied the motion and directed that the plaintiff be allowed to restore the case to the October, 1925, calendar. The order recites that the attorney for the plaintiff appeared in opposition to the motion, but plaintiff filed no answering affidavits, and the record does not disclose any excuse or reason for the delay in bringing the action to trial. The defendant

appealing from the order, the plaintiff does not appear or file any points in support of the denial of defendant's motion. While the motion to dismiss was addressed largely to the discretion of the learned county judge, and this court is slow to interfere with the exercise of such discretion, still there must be something in the record to justify the exercise of discretion, and there is absolutely nothing in the papers here to excuse the plaintiff's delay in bringing the action to trial. (*Manning* v. *Wambold*, 146 App. Div. 318; *Kachel* v. *Stutz*, 137 id. 199; *Regan* v. *Milliken Bros.*, 123 id. 72; *Armstrong* v. *Star Co.*, 154 id. 320.)

The order of the County Court of Westchester county, denying defendant's motion to dismiss the complaint for lack of prosecution, should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion should be granted, with ten dollars costs.

Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur.

Order of the County Court of Westchester county, denying defendant's motion to dismiss the complaint for lack of prosecution, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.