JOHN S. KELLNER, Suing on Behalf of Himself and All Other Stockholders Similarly Situated Who May Desire to Come in, Respondent, *v.* EDWARD KENER and Others, Appellants.

Fourth Department, March 24, 1926.

**Trial — dismissal for failure to prosecute — complaint dismissed.**

The complaint in an action in equity which was at issue in November, 1919, and was on the calendars with the exception of four terms in 1921 and 1922 down to the close of 1923, should have been dismissed for the failure of the plaintiff to prosecute the action with proper diligence.

DAVIS, J., dissents.

APPEAL by the defendants, Edward Kener and others, from an order of the Supreme Court, made at the Erie Special Term and

entered in the office of the clerk of the county of Erie on the 24th day of December, 1925, denying defendants' motion to dismiss the complaint for failure to prosecute and to vacate a notice of examination to take the testimony of the defendants before trial or, in the alternative, to limit such examination.

*Wilber E. Houpt* and *Strebel, Corey, Tubbs & Beals* [*Carlos C. Alden* with them on the brief], for the appellants.

*Emery & Paul* [*Simon Fleischmann* and *Martin Clark* of counsel], for the respondent.

PER CURIAM. This action was at issue in November, 1919. Thereafter it was on the equity calendars, with the exception of four terms in 1921 and 1922, down to the close of 1923. Since then it has not appeared. While the moving papers do not expressly state that later issues have been tried in their regular order, it does appear that the cause could have been tried at any time within six months after plaintiff chose to move. It was permitted to slumber for six years. The existence of other litigation between the parties offers no excuse for the delay. The issues in this action were not involved in the others, nor did due and orderly progress here depend in any legal way upon the outcome in the others. The several changes in counsel due to deaths seem to have been an incident rather than a cause of the delay. Nor does the fact that counsel on both sides are busy practitioners justify total stagnation for so long a period. We think the claim is stale and should be dismissed. (See Civ. Prac. Act, § 181; Rules Civ. Prac. rule 156.)

The order should be reversed, with ten dollars costs and disbursements, the motion to dismiss granted, with ten dollars costs, and the complaint dismissed, with costs.

Present — HUBBS, P. J., CLARK, DAVIS, SEARS and CROUCH, JJ. All concur, except DAVIS, J., who dissents and votes for affirmance on the ground that the dismissal of a complaint for neglect to prosecute is a matter resting largely in the discretion of the court at Special Term. The explanations offered for the delay were not in all respects strong and satisfactory; but they might well appeal to the discretion of the justice at Special Term, who was familiar with the case, when confronted by the alternative of denying the plaintiff his day in court, which at the time he was actively seeking by preparing for trial.

Order reversed, with ten dollars costs and disbursements, and motion to dismiss complaint granted, with ten dollars costs, and complaint dismissed, with costs.