JOHN WILKOLASKI, Plaintiff, *v.* EUGENE J. HANAVAN, Defendant.*

Supreme Court, Erie County, January 6, 1932.

*Henry Adsit Bull*, for the plaintiff.

*Lorenz J. Brosnan*, for the defendant.

LARKIN, J. This action is brought to recover damages for alleged malpractice by the defendant, a physician. On the 12th of January, 1925, the plaintiff's right leg was crushed in an industrial accident. He was treated by the defendant, who apparently endeavored to save the plaintiff's leg. After twenty-one months' hospital treatment the leg was, on October 2, 1926, amputated above the knee. While the allegations of the complaint are broad, plaintiff's

* Affd., 240 App. Div. 867.

affidavits and brief would indicate that the gravamen of the allegation of malpractice is the failure of the defendant to amputate sooner, with the result that more of the leg was finally required to be severed, and that this course of treatment increased the plaintiff's suffering and expense.

After the argument of the motion and its submission to me for decision, the plaintiff served a notice to take the defendant's testimony in advance of the trial. The defendant appeared by counsel and was examined. Plaintiff now asks that this action, on the part of the defendant, be considered in the determination of this motion. Defendant, on the other hand, submits the evidence taken, and asks the court to consider it for the purpose of showing that there is no merit in the action.

I have reached the conclusion that the motion must be decided upon the original papers. I do not believe that the defendant's action, in submitting to an examination, in pursuance of the Civil Practice Act, without objection, was a waiver of his right to insist upon the motion being determined upon the papers as served. Neither should the evidence be read upon this motion to support the defendant's contention that the action is without merit.

Therefore, treating the motion upon the moving papers and answering affidavits and pleadings, it must be granted. While a court is always reluctant to take this course, since it may seem to deprive a party of his day in court, nevertheless, in view of the amount of litigation, this practice must be followed if litigants, who energetically press their cases for trial, are not to be impeded by stale claims. The affidavits filed herein disclose that issue was joined in March, 1927. Nevertheless no note of issue was ever filed, or notice of trial given. It is true that at the time the action was begun a Special Term decision apparently defeated it. However, in July, 1927, the Appellate Divisions of the First and Second Departments adopted a contrary rule. From then, this reason no longer existed. Neither does the consultation of the attorneys for the respective parties herein furnish any excuse for the plaintiff's delay, nor operate as a waiver of the defendant's rights. The defendant is the party proceeded against, and the practice in this department puts upon the plaintiff, if he is not to be charged with laches, the duty of pressing the cause for trial. Nor are engagements of counsel deemed to be a sufficient reason for not proceeding with the trial. (*Kellner* v. *Kener*, 216 App. Div. 244.) The rule, as announced in this department in various instances where the question has been before that court, as in *Kellner* v. *Kener* (*supra*); *Lang* v. *Lanzel* (221 App. Div. 833); *Mizak* v. *International Railway Co.* [2 cases]; *Fagard* v. *International Railway Co.* [2 cases], all

reported in 231 id. 796), is such that where a case has been allowed to remain dormant for more than four years, as here, the plaintiff must make an extremely meritorious showing excusing the delay, in order to avoid a dismissal. The plaintiff has not made such a showing.

This motion must, therefore, be granted. This decision renders unnecessary a consideration of the plaintiff's cross-motion.