David Goldberg, an Infant, by Al Goldberg, His Guardian ad Litem, et al., Respondents, v. Cab Transportation Corp., Appellant.— In an action to recover damages for personal injuries sustained by an infant when hit by defendant's taxicab and for medical expenses and loss of services, judgment entered in favor of plaintiffs, after a trial before the court without a jury, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.

■

In the Matter of the Estate of Alvin D. Griffin, Deceased. Eli J. Blair, Appellant; Beatrice Griffin, Individually and as Executrix of Alvin D. Griffin, Deceased, Respondent.— Order of the Surrogate's Court of the County of Westchester denying application by appellant to fix additional compensation to be paid to him for services rendered as an attorney, pursuant to section 231-a of the Surrogate's Court Act, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

■

In the Matter of the Estate of Emil A. Wustefeld, Deceased. John C. Glenn, Public Administrator of Queens County, as Administrator of the Estate of Emil A. Wustefeld, Deceased, Respondent; John Hockel, Appellant.— Order of the Surrogate's Court of Queens County adjudging appellant in contempt of court in having willfully disobeyed a subpœna issued pursuant to section 136-z of the Surrogate's Court Act, in failing to appear for examination pursuant thereto and having thereby impaired, impeded and prejudiced the rights and remedies of the public administrator; granting leave to appellant to purge himself of such contempt by submitting to such examination pursuant to the subpœna at a day therein stated; and providing for appellant's imprisonment in the event of his failure to so purge himself of the contempt, affirmed, with $10 costs and disbursements. Appellant may purge himself of the contempt by appearing with the required papers and documents and submitting to examination in compliance with said subpœna at a time and place to be fixed in the order to be entered hereon. No opinion. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur. Settle order on notice.

■

Stephen Klenotic et al., Respondents, v. Byron V. Brush et al., Appellants.— Order modified on the law and the facts by striking from the ordering paragraph everything following the word "default". As thus modified, the order is affirmed, with $10 costs and disbursements to appellants. More than four years elapsed from the time appellants served their notice of appearance and demand for a copy of the complaint to the date of the motion to dismiss. Respondents defaulted on the return of the motion. In the absence of explanation for the delay and default, it was an improvident exercise of discretion to make the failure of respondents to serve a complaint within twenty days a condition of granting the motion. (*McIntyre* v. *Branner*, 214 App. Div. 145; *Fischer* v. *Tushnett*, 256 App. Div. 833; *Fletcher* v. *Goodrich Co.*, 276 App. Div. 844.) Carswell, Acting P. J., Johnston, Sneed, Wenzel and MacCrate, JJ., concur. [See *post*, p. 841.]