In the Matter of the Estate of JOHN F. HAASE, Deceased. FRED L. HAASE et al., as Executors of JOHN F. HAASE, Deceased, Appellants; HERMAN ELFERS et al., Respondents.— In a proceeding pursuant to section 231-a of the Surrogate's Court Act to fix the value of legal services rendered by respondents, the executors appeal from an order of the Surrogate's Court, Westchester County, entered June 25, 1952, and from an order of the same court, entered July 8, 1952, amending and resettling the order of June 25th, which orders fixed and determined the compensation of respondents for legal services rendered to appellants in the sum of $25,000, inclusive of the sum of $10,000 theretofore paid, with interest on the unpaid balance of $15,000, and allowed disbursements in the sum of $342.83. Order of July 8, 1952, modified on the law and the

facts so as to provide for the fixation of respondents' compensation in the sum of $18,000, inclusive of the sum of $10,000, heretofore paid, together with interest on the unpaid balance thereof from January 13, 1952, and disbursments in the sum of $342.83. As so modified, the order is unanimously affirmed, with costs to both parties, payable out of the estate. Appeal from order of June 25, 1952, dismissed, without costs, as academic. Respondents entered into a written agreement with appellants under which they undertook to take such steps as should be necessary to probate decedent's will and to wind up his estate. The agreement provided that respondents were to receive as compensation, in addition to disbursements, 3% of the value of the gross estate as determined by the State and Federal Governments. It was further agreed that in computing the value of the gross estate for the purpose of the fixation of respondents' fee, the value of certain shares of stock should be excluded. The value of the gross estate, as finally fixed by the Bureau of Internal Revenue, exclusive of the value of the stock, is $672,770.73. Before the amount of the Federal estate taxes had been finally determined, but after substantially all of the legal work in connection therewith had been performed, respondents were replaced by other attorneys. Apparently on the theory that respondents had been discharged by appellants without just cause, the learned Surrogate has fixed their compensation at $25,000, a sum in excess of the amount which they would have received if the services which they were to have performed, under their agreement had been fully completed. In our opinion, the compensation allowed is excessive. The evidence adduced does not support the conclusion that respondents were discharged without cause, but establishes, on the contrary, that the relationship of attorney and client was terminated by mutual consent, and by the acts of both parties. Consequently, the rule which permits an attorney who has been discharged without cause to recover the reasonable value of his services, without limitation by the amount of his fee as fixed by contract (cf. *Matter of Montgomery*, 272 N. Y. 323, and cases cited), may not be applied in this case. Respondents' compensation should be fixed in accordance with the rule which is applied in cases in which the contract is terminated under circumstances which do not involve a default by either party (cf. *Sargent* v. *McLeod*, 209 N. Y. 360, and *Stein* v. *Shaw*, 6 N. J. 525). Since the relationship between the parties came to an end without fault on either side, respondents' recovery must be limited by the terms of their contract. (*Matter of Montgomery, supra*, p. 327; *Owenbey* v. *Silverstein*, 69 Col. 325.) Taking those terms into account, together with the other elements to be considered (*Matter of Tillman*, 259 N. Y. 133), we find that the reasonable value of respondents' services, rendered thereunder, is $18,000, instead of the amount fixed by the orders appealed from. Findings of fact, express or implied, inconsistent herewith are reversed, and new findings are made, as hereinbefore indicated. Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ., concur. Settle order on notice.