ADELAIDE N. REED, Respondent, v. ROBERT M. REED, Appellant.— Order insofar as appealed from reversed on the law and facts insofar as it grants additional counsel fees and additional alimony and otherwise affirmed, without costs of this appeal to either party. Memorandum: The granting of additional alimony and additional counsel fees was improper under the circumstances here shown. All concur, except VAUGHAN and KIMBALL, JJ., who dissent and vote for reversal in the following memorandum: In this action by a wife for separation, the plaintiff failed to take any measures to bring the case to trial for a period of nearly four years. The only issue was the amount of the permanent alimony. It appears that shortly after the commencement of the action in 1949 the parties again started living together in the same house and so continued until September, 1952, at which time the defendant left the State. On January 27, 1953, the plaintiff obtained an ex parte order of sequestration of defendant's property and was, herself, appointed receiver. Thereafter the defendant moved to dismiss the complaint for failure to prosecute pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice. The motion was decided upon the affidavits of defendant and his attorney. The plaintiff failed to interpose any affidavits or other proof in opposition to the motion to dismiss. The burden was upon the plaintiff to show some reasonable excuse for not prosecuting the action. In the absence of such showing, there was nothing before the Special Term upon which it could exercise its discretion. The defendant's motion should have been granted; the sequestration order should

have been vacated and plaintiff's motion to serve a supplemental complaint should have been denied. (See *McIntyre* v. *Branner,* 214 App. Div. 145; *McGee* v. *Levy,* 215 App. Div. 720; *Cohen* v. *Meyer,* 218 App. Div. 847; *Lorenzen* v. *Cavanaugh,* 222 App. Div. 679; *Wilkolaski* v. *Hanavan,* 149 Misc. 838, affd. 240 App. Div. 867.) The fact that this is a matrimonial action does not, in our opinion, change the rule that the onus is upon a plaintiff to show some valid reason why the case was not prosecuted. (Appeal from part of an order denying defendant's motion to dismiss for failure to prosecute and to vacate sequestration order; also granting plaintiff's motion for leave to serve a supplemental complaint and directing payment for the support of plaintiff and counsel fees out of the sequestered property.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ. [See 282 App. Div. 829.]