■ In the Matter of Alfred Heilbrunn, Petitioner, against Joseph P. Kelly, as Commissioner of Motor Vehicles, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of respondent suspending the operator's license of petitioner for 15 days, pursuant to paragraph (a) of subdivision 3 of section 71 of the Vehicle and Traffic Law, for an alleged violation of subdivision 1 of section 56 of said law. The proceeding has been transferred to this court. (Civ. Prac. Act, § 1296.) Determination annulled, with $10 costs and disbursements. There is no substantial evidence to support the determination. (*Matter of Dreilinger* v. *Macduff*, 2 A D 2d 855.) Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of the Accounting of Esther Kane, as Administratrix of the Estate of Joseph L. Kane, Deceased, Appellant. Max Kohn, Respondent.— Appeal from a decree of the Surrogate's Court, Queens County, fixing at $1,000 respondent's compensation, pursuant to section 231-a of the Surrogate's Court Act, for legal services rendered to the estate. Decree modified on the law and the facts by striking " One Thousand ($1,000.00) " from the decretal paragraphs and by substituting therefor "Five Hundred ($500.00) ". As so modified, decree affirmed, without costs, and proceeding remitted to the Surrogate's Court for further action not inconsistent herewith. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The finding that the value of respondent's services, on a *quantum meruit* basis, was $1,000 is affirmed. When he was retained by the administratrix, the respondent agreed to render his services for the sum of $500, to be paid from the estate. Since there were infant distributees, the agreed compensation to be paid from the estate was subject to examination by the court as to reasonableness (*Matter of Woolfson*, 158 Misc. 928). The contract, through implication, included the rule of law that the attorney's fee was subject to the power of the court to determine the suitable compensation (Judiciary Law, § 474; see, e.g., *Matter of Meng*, 227 N. Y. 264) but the respondent was bound by agreement as to the maximum amount that the court could fix (*Matter of White*, 274 App. Div. 932; *Matter of Griffin*, 278 App. Div. 772). The appellant refused to pay the $500 and requested the court to fix the compensation but, at the beginning of the hearing, she conceded that she had approved the $500 fee in the intermediate account and that the agreement as to that fee was binding. Since the appellant did not discharge the respondent or make it impossible for him to complete his services, no amount in excess of $500 could be fixed (*Matter of Griffin, supra*; see, e.g., *Matter of Haase*, 281 App. Div. 842; cf. *Matter of Montgomery*, 272 N. Y. 323). Under the circumstances present herein, the appellant's mere refusal to pay the $500 contract price and her request that the court fix the counsel fee did not entitle respondent to a fee of more than $500 (see, e.g., 1 Clark on New York Law of Damages, § 145; *Doyle* v. *Allstate Ins. Co.*, 1 N Y 2d 439, 444). Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.