Michael Catalano, J.
The defendants move for an order dismissing the complaint pursuant to rule 156 of the Rules of Civil Practice, because of the plaintiff’s failure to serve and file a note of issue for a term within six months after issue was joined.
This action is brought for money damages because of personal injuries received in “an accident which occurred on *1001 November 12, 1956.” It was commenced March 23, 1957 and “ issue was joined by the service of an answer on January 22, 1959.” Over 18 months have elapsed since joinder of issue.
The plaintiff’s attorney’s affidavit states that “ during the spring of 1959 ” he discussed another action with one “ Mercedes Moss ”, a representative of a certain insurance company, who desired a second physical examination of the injured plaintiff herein. Said attorney consented to such examination, “ and it was mutually agreed that your deponent withhold further prosecution of the above entitled case so that another physical examination could be had and a possible settlement negotiated.”
The only date mentioned by the plaintiff’s attorney was “ the spring of 1959,” which was well over one year from the date of joinder of issue, to wit, January 22, 1958. Nowhere does it appear that the named insurance company has any connection with the defendants herein or any of them. One adjournment Avas granted to the plaintiff in order to serve' adequate papers, but the only paper served Avas the affidavit of the plaintiff’s attorney.
Rule 156 of the Rules of Civil Practice entitled, £ ‘ Motion for dismissal of complaint,” provides, in part, as follows:
‘£ Whenever an issue of fact in any action pending in any court has been first joined and (1) the plaintiff therein shall fail to serve and file a note of issue for a term within six months thereafter * * * the defendant at any time after the expiration of either such event may move for the dismissal of the complaint, Avith costs for the failure on the part of the plaintiff to diligently prosecute such action.
“If it be made to appear to the court on the hearing of such motion that the neglect of the plaintiff to bring the action to trial has not been unreasonable, the court may permit the plaintiff, on such terms as may be just, to bring the said action to trial at a future term; otherwise the complaint shall be dismissed.”
The existence of other litigation between the parties offers no excuse for the delay; nor did due and orderly progress here depend in any legal way upon the outcome in any other actions; nor does the occupation of counsel in other litigation justify total stagnation for so long a period of time. (Kellner v. Kener, 216 App. Div. 244, 245 [4th Dept.].)
A sufficient affidavit of merits shoAving reasonable cause for delay is necessary to excuse the neglect of the plaintiff to bring the action to trial (A. R. Hyde & Sons v. Roller Derby Skate Co., 1 A D 2d 942 [1st Dept.]; Freilich v. Rosenberg, 4 A D 2d 830 [1st Dept.]); the affidavit of merits should be made by the *1002 plaintiff or someone having knowledge of the facts, the attorney’s affidavit alone is not sufficient. (Rist v. 234 East 33rd Corp,, 4 A D 2d 867 [1st Dept.]; Fischetti v. 242 East 19th St. Corp., 4 A D 2d 867 [1st Dept.].) “ These requirements may not lie ignored with impunity, nor will the courts acquiesce in a perfunctory compliance.” (Lakowitz v. Marlin Gardens, 5 A D 2d 981 [1st Dept.].)
The plaintiff, having failed to present facts showing any reasonable excuse for the delay of over 18 months after joinder of issue in bringing the case on for trial, the motion should be granted. (See O’Rourke v. City of New York, 3 A D 2d 713 [2d Dept.]; Bailey v. Central Dry Cleaning Co., 4 A D 2d 1007 [4th Dept.].)
Motion granted, without costs. Prepare and submit order accordingly.