George H. Vinette, J.
There are three motions in the above-entitled action. By notice of motion dated September 14, 1960, the plaintiff moved for an order directing that a commission issue in this action for the examination of the plaintiff in Australia. The moving affidavit submitted by one of the attorneys for the plaintiff alleges substantially as follows: that the plaintiff is a resident of Australia; that the defendant executed and delivered to the plaintiff his promissory note in writing wherein he promised to pay to the plaintiff the sum of 600 pounds 12 months after July 7, 1956; that the consideration for the said promissory note was the plaintiff’s forbearance of a suit to set aside a previous sale of stock from the defendant to the plaintiff; that the defendant contends that the promissory note was executed without consideration and is of no effect.
By a notice of motion dated September 23,1960, the defendant moved to dismiss the complaint for failure to prosecute pursuant to section 181 of the Civil Practice Act and rule 156. of the Buies *1096 of Civil Practice. The following appears from the moving affidavit: the summons and complaint Avere served on or about July 31, 1958. The answer was served on August 18, 1958; that on September 15, 1958, defendant served a demand for bill of particulars ; that on November 13, 1958, plaintiff’s attorney served a bill of particulars; that a note of issue could have been served and filed for the December 1958 Trial Term of this court; that the plaintiff has not taken any steps to place this case on the Trial Calendar and the case is not on the Trial Calendar of this court; that younger issues upon the calendar have been reached by this court in regular order and tried or otherwise disposed of.
By notice of motion dated September 26, 1960, the defendant moved for an order directing that any commission which might issue herein provide for the taking of testimony wholly or partly upon oral interrogatories and that such order be conditioned upon the payment by the plaintiff of the reasonable costs and expenses of defendant’s counsel. The moving affidavit which is partly memorandum on the'law opposes the plaintiff’s motion for a commission. In effect, this motion is simply a defense to the plaintiff’s motion.
It appears from the papers herein that the plaintiff has not taken any steps to prosecute this action since his service of bill of particulars on or about November 13, 1958. It does appear in the memorandum of law submitted by the plaintiff that in October, 1959, the defendant moved to require plaintiff to furnish surety bond and this was furnished in the same month.
A motion to dismiss for failure to prosecute, made pursuant to section 181 of the Civil Practice Act and rule 156 of the Buies of Civil Practice, must be granted unless the plaintiff shows by an affidavit that he has a meritorious cause of action and that he has a reasonable excuse for the delay. The plaintiff did not serve any answering affidavit on the motion to dismiss for failure to prosecute. The court takes cognizance of the affidavit of the plaintiff’s attorney that there is a meritorious cause of action. Although the court may consider this affidavit as an affidavit of merit, although it is made by the plaintiff’s attorney and not the plaintiff, there is no affidavit explaining or justifying the delay. While the court should be reluctant to dismiss a meritorious action for lack of prosecution, the exercise of its discretion must be a judicial one. The burden is on the plaintiff to establish a reasonable excuse and he has not attempted to establish any excuse except that in his brief it is stated that he resides in Australia and that it was necessary to contact plaintiff’s attorney in Australia in order to ascertain a proper person before whom the plaintiff could be examined on written inter *1097 rogatories. This explanation, even if it were in the form of an affidavit as required, is wholly inadequate. It certainly was not necessary to delay from November, 1958 until September, 1960 to acquire such information. The plaintiff has failed to sustain his burden of excusing the delay. (Friedlander v. Roxy Theatre, 204 Misc. 740, affd. 283 App. Div. 860; Hyde & Sons v. Roller Derby Skate Co., 1 A D 2d 942; O’Rourke v. City of New York, 3 A D 2d 713; Moshman v. City of New York, 3 A D 2d 822, 824, 825; Georgopoulous v. Beach Haven Apts., 17 Misc 2d 445; Coleman v. Pauma Realty Corp., 17 Misc 2d 873; Konigsberg v. Konigsberg, 18 Misc 2d 455; Tracey v. McKenna, 18 Misc 2d 1000. See, also, Parmett v. Concord Hotel, 9 A D 2d 767.)
The order of dismissal is hereby granted, without costs. The two motions relating to a commission become academic and are not decided.