DANIEL FITZHUGH et al., Respondents, *v.* WILLIAM H. SACKETT, Appellant.

(Argued December 20, 1872; decided December 24, 1872.)

DEFENDANT was the owner of certain real estate, upon which was a mortgage held by plaintiffs' testator. One Elisha B. Sackett, a brother of defendant, induced the mortgagee to receive certain drafts, purporting to be accepted by defendant, and to assign the mortgage to him. The acceptance was in fact by another William H. Sackett, who was entirely irresponsible. Elisha B. Sackett was in no manner bound to

pay the mortgage. The transaction was unauthorized by defendant, who was entirely ignorant of it at the time, but who was informed of it a few months thereafter. The mortgage was subsequently satisfied of record, without any consideration being paid by defendant, who sold the premises freed from the incumbrance. The action was brought to recover the amount of the drafts. The case was before this court in 1866, presenting nearly the same facts. The court then held that, defendant having full knowlege of the fraud before the transfer of the premises by him, and he thus having availed himself of the advantages secured thereby, he ratified the acts of his assumed agent, and was bound by the representations of the latter. Appellant's counsel claimed that the doctrine thus laid down had been overrulee by *Henry v. Wilkes* (37 N. Y., 562). But *held* (CHURCH, J., dissenting), that the former decision should be regarded as the law of the case, and will not be disturbed; that *Henry* v. *Wilkes* differed from this case in this, that in that case the person who had, without authority, assumed to act as defendant's agent in borrowing money to pay off an incumbrance was himself, as between him and defendant, bound to pay the incumbrance; that defendant, therefore, did not claim the benefit of the contract of the assumed agent in making the loan, but claimed under the contract of the agent with him.

*George F. Danforth* for the appellant.

*Scott Lord* for the respondents.

Per CURIAM. Opinion for affirmance
All concur, except CHURCH, Ch. J., dissenting.
Judgment affirmed.