(54 App. Div. 86.)

### VAN CAMPEN et al. v. BRUNS et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1900.)

1. PRINCIPAL AND AGENT—DEATH OF PRINCIPAL—TERMINATION OF AGENCY.
　　The agency of an attorney who, acting for a husband and wife, fails to procure a compromise of a judgment against the husband with funds of the wife till after the wife's death, is terminated as to the wife by her death.

2. SAME — COMPROMISE — AGENT'S REPRESENTATIONS — AGENT'S GOOD FAITH—PRINCIPAL'S KNOWLEDGE OF FALSITY OF REPRESENTATION.
　　Where an insolvent husband, knowing his wife to be dead, and that he had thereby become entitled to a beneficial interest in her estate, which considerably changes his financial standing, permitted an attorney whom he and his wife had employed, but who purported to act for the wife, to compromise and purchase a judgment against him, on representations as to the wife's good health, etc.,—the agent not knowing her to be dead at the time,—such husband is chargeable with the fraud, and hence the judgment continued a lien against his property.

3. SAME—ACTS OF AGENT—RATIFICATION BY PRINCIPAL.
　　Repayment by a husband of a sum paid by an attorney who purported to act for the wife in compromising and purchasing a judgment against the husband will constitute a ratification of the attorney's acts in procuring the compromise.

Appeal from special term, Kings county.

Action by Otto W. Van Campen and another, as executors of Otto Van Campen, against Christoph L. Bruns and another. From a judgment in favor of plaintiffs, defendants appeal. Modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Sidney F. Rawson, for appellants.
William D. Tyndall, for respondents.

GOODRICH, P. J. The plaintiffs' testator recovered a judgment against the defendant Bruns in January, 1886. Execution and supplementary proceedings were issued, but nothing was collected from the defendant, who had become insolvent. In 1896 the plaintiffs commenced an action to revive the judgment, pursuant to section 1913 of the Code of Civil Procedure. A judgment having been entered in that action in December, 1898, amounting to $1,878.12, execution was issued and returned wholly unsatisfied. Previous to the first judgment the defendant Bruns was engaged in the grocery business at Stapleton, Staten Island, but had failed in the business. Thereafter his wife took it, and employed her husband as agent, without any stated salary; he personally conducting the business. From this enterprise Mrs. Bruns had amassed between ten and twenty thousand dollars' worth of property. The defendant Widdecombe was the attorney of both the husband and wife in various matters. He had attended to some of the matters in the latter action, and represented each of the couple in the supplementary proceedings on the first judgment, in which the wife was examined as a witness. He also had drawn her will. On some questions of costs there were

proceedings at the special term on January 27, 1899, when Widde-combe and Mr. Tyndall, the plaintiffs' attorney, were present, and Widdecombe told Tyndall that Mrs. Bruns would be willing to make some settlement or compromise. Negotiations followed which resulted in an offer by Widdecombe of $400 for the judgment, which Tyndall said he would submit to his clients. Mr. Widdecombe stated to Mr. Tyndall that the defendant Bruns had authorized this offer on behalf of his wife. On Saturday, March 4th, Widdecombe called upon Tyndall at the latter's office in New York, and on that day negotiations for the settlement resulted in the probable acceptance of the offer; but it was not until the following Monday, March 6th, about 5 o'clock in the afternoon, that the transaction was actually consummated, when Widdecombe gave Tyndall his check for $400, and received an assignment of the judgment in blank, instead of a satisfaction piece. He afterwards wrote his own name in the blank space left for the name of the assignee. Mrs. Bruns, after an illness of several weeks, died at 6 o'clock on the morning of Monday, March 6th, in the home of her husband and herself, and he was present at the time. He knew that Widdecombe was engaged on Saturday in the endeavor to compromise the judgment, that the negotiation had not been consummated, and that Widdecombe was going to New York on Monday to complete the matter. The plaintiffs discovered the death of Mrs. Bruns on March 8th, and at once tendered to Widdecombe the $400, and demanded the cancellation of the assignment, which being refused, the present action was commenced. They allege that the assignment was procured by false and fraudulent representations, which, in the brief of the respondents, are summarized as follows: First, that Widdecombe was acting for the wife, and that she was furnishing the money; second, that he had induced her, after great difficulty, to offer $400 in settlement, and that she was irascible and hot tempered when this judgment was mentioned, and would not hold the offer open, and that she had expressed her indignation because the offer was not accepted on Saturday, when it was first made; third, that the settlement was not for profit, but for peace; fourth, that the occasion of the haste, urgency, and insistence was solely due to the peculiar temperament of Mrs. Bruns; fifth, that there had been no change in the situation or in the financial condition of Bruns since the recovery of the judgment, or since the supplementary proceedings on the first judgment; sixth, that a hope that he might outlive her and inherit her estate was not well founded, for he was delicate and she was robust, and that the creditors would be defeated by the creation of a trust in her will; seventh, that the plaintiffs would never realize on their judgment, and that they must accept $400, or never get anything. A motion was made to dismiss the complaint at the close of the plaintiffs' case, but not at the close of the entire testimony, on the grounds, among others, that "the complaint fails to state that the alleged representations made by Widdecombe were known by him, or by the persons represented by him, to be false," and that "no facts are alleged showing either mutual mistake of fact, or mistake of fact on the part of Widdecombe or the person represented by him." The motion was denied, and the court rendered a decision for

the plaintiffs, and from the judgment entered thereon the defendants appeal.

The court decided, as follows:

"First. That the defendant Bruns made false representations which induced the plaintiffs to sell for the sum of $400 a judgment for $1,878 against the defendant Bruns. Second. That the defendant Bruns deliberately suppressed and concealed from the plaintiffs material facts, which gave the defendant in his dealings with the plaintiffs an unfair advantage over them. Third. That the defendant Bruns is responsible for the representations made by Mr. Widdecombe, and that Mr. Widdecombe is not guilty of any intentional wrongdoing in his relation to the sale and assignment of the judgment."

An examination of the evidence justifies each of the findings above enumerated. The defendants, however, contend that the plaintiffs were bound to establish three facts: Falsity of representation, knowledge on the part of the persons making the representation of its falsity, and reliance by the plaintiffs upon the representation. As to the falsity of representation, it is evident that the death of Mrs. Bruns before the consummation of the agreement had completely changed the situation as it existed during her life. One child of the marriage had been born, and had died, and the defendant Bruns upon his wife's death became entitled to an interest in her estate. While it appears that a will was executed by Mrs. Bruns, its contents do not appear in the record, and at the time of the trial it had not been offered for probate, although nearly a year had elapsed since the death of the testatrix. Widdecombe's agency for Mrs. Bruns terminated absolutely with her death on the morning of the 6th. From that time he was acting solely as the attorney for the husband. As to the knowledge of Bruns or Widdecombe of the falsity of the representation that there had been no change in the situation or in the financial condition of Bruns, we have the testimony of Widdecombe that he knew nothing of the death of Mrs. Bruns, although that fact was known to Bruns at the time of the assignment. Whatever was done by Widdecombe was done as the attorney for Bruns, as the death of Mrs. Bruns had terminated his agency for her. We have, then, a case of knowledge on the part of the defendant Bruns that his wife, for whom Widdecombe purported to act, was dead when the latter was compromising and purchasing the judgment, and that he had become entitled to a beneficial interest in his wife's estate, which considerably altered his financial standing. Although Widdecombe had no personal knowledge of Mrs. Bruns' death, yet the defendant Bruns, who is the person benefiting by the transaction, and who employed Widdecombe, is chargeable with all results flowing from his own knowledge of such death, and of the fact that Widdecombe, after the hour of Mrs. Brun's death, had gone to Tyndall to consummate the assignment. It appears that, while Widdecombe advanced the $400, the amount was repaid to him by Bruns several days afterwards. This was a ratification of Widdecombe's acts. Fitzhugh v. Sackett, 50 N. Y. 699.

An examination of the other exceptions fails to disclose any error in the conduct of the trial.

The judgment should be modified so as to provide for the repayment of the $400 without interest, or that that sum be credited on the judgment, as the defendant may elect; and, as modified, the judgment should be affirmed, with costs of this appeal.   All concur.