conscientiously executed, or unless it be made to appear that the acts were fraudulent or collusive and destructive of the rights of the stockholders."

Where we consider the nature and character, the assets, surplus and capital stock of this insurance company, it is difficult to perceive in what possible way the proposed merger can be destructive of the rights of this plaintiff who owns 15 shares of its stock upon which the dividends are limited by law to 7 per cent. per annum.

For these reasons, in addition to those expressed in the opinion in the Colby Case, the order appealed from should be reversed and the injunction vacated, with costs and disbursements to the appellants. All concur.

---

### McCARDELL v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. · February 28, 1908.)

DISMISSAL—WANT OF PROSECUTION.

A personal injury case, after issue joined, was not noticed for trial by plaintiff, nor was note of issue filed, but remained in the office of plaintiff's attorney for between four and five years. Issues three years younger were reached and disposed of. Plaintiff's attorney offered as an excuse that the case was in full charge of a clerk in his office, who left after its commencement without informing him of it, and that he never knew of its pendency until service of papers on motion to dismiss for lack of prosecution. Held, that there was inexcusable neglect, warranting a dismissal for lack of prosecution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 140–152.]

Rich, J., dissenting.

Appeal from Special Term, Westchester County.

Action by Frances M. McCardell against the Metropolitan Street Railway Company. From an order denying defendant's motion to dismiss for lack of prosecution, defendant appeals. Reversed, and motion granted.

Argued before JENKS, HOOKER, RICH, MILLER and GAYNOR, JJ.

Bayard H. Ames (Walter Henry Wood, on the brief), for appellant. J. Quintus Cohen, for respondent.

HOOKER, J. The action is for personal injuries. The cause of action arose on September 1, 1899, summons was served on August 25, 1902, and issue was joined on October 14, 1902. Subsequent thereto no further steps were taken by the plaintiff. The case was never noticed for trial, and note of issue was never filed. This is an appeal by the defendant from an order refusing to dismiss the complaint for lack of prosecution.

Issues three years younger, namely, of August, 1905, had been tried. The plaintiff's attorney seeks to excuse his neglect by showing that a clerk in his office who had charge of the matter went on a protracted spree after the commencement of the action, and never returned to the

attorney's office; that the attorney never knew of the pendency of this case in his office until the service of the motion papers. We cannot understand how this case could be in the plaintiff's attorney's office from 1902 until the making of this motion without his having been aware of the commencement of the action. If the clerk went on the spree at about the time of the commencement of the action, and has never returned, and the plaintiff's attorney has never discovered the presence of this case in his office, his neglect of his client's interest is exceedingly gross. It seems impossible that the case could have been in his office for between four and five years without his having discovered the fact. It is also incomprehensible that, if the plaintiff had any case at all, she would not have conferred with her lawyer about it during the time that intervened between the commencement of the suit and the making of this motion. The facts presented by this record show a cause of inexcusable neglect, if ever one was made out.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with costs. All concur, except RICH, J., who dissents.

RICH, J. I dissent. It appears that younger issues of the same character have been reached in their regular order upon the calendar of the court, and tried and disposed of. Plaintiff excuses the failure to prosecute by showing that at the time the action was commenced her counsel relied upon a young man in his office, who had charge of all papers in connection with the case, but who left the employment at about that time, and never returned, without giving counsel any information of the action, or even that it had been instituted, and he never had any knowledge or information in reference to the pending case until served with the papers in the motion to dismiss.

I think, in view of the fact that counsel had no knowledge of the action, that plaintiff ought not to be charged with neglect, and the order ought, therefore, to be affirmed.

———

McCARDELL v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department.   February 28, 1908.)

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

