### FERBER et al. v. NEWGOLD et al.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

DISMISSAL AND NONSUIT (§ 60*)—GROUNDS—WANT OF PROSECUTION.

 Where, for about five years after issue was joined, no notice of trial was served or note of issue filed, and junior issues were reached for trial, a motion to dismiss for want of prosecution must be granted, unless plaintiff shows facts excusing his apparent neglect.

 [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 141; Dec. Dig. § 60.*]

Appeal from Special Term, New York County.

Action by Nathan Ferber and another against Morris Newgold and another. From an order denying a motion to dismiss for want of prosecution and for an order canceling a lis pendens, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

John Bogart, for appellants.

LAUGHLIN, J. The action was commenced on the 15th day of April, 1904, and is brought to have an instrument, purporting to be a deed absolute on its face, declared to be a mortgage, and for an accounting, and for a reconveyance of the premises. A lis pendens was filed against the premises, which are situated in the borough of Manhattan, New York, and it remains undischarged. The answer was served on or about the 5th day of May, 1904, and admits that the instrument was intended as a mortgage and as security for certain indebtedness, which the defendants allege has not been paid, and they also allege that it was intended as security for other moneys expended by them pursuant to an agreement which is made a part of such answer, and judgment is demanded that the complaint be dismissed. It is alleged in the complaint that the defendants entered into possession of the premises under the deed. It thus appears that the defendants are lawfully in possession of the premises as mortgagees. After issue was joined, the plaintiffs moved for an injunction and for the appointment of a receiver. This motion was denied on the 10th of

---

May, 1904. Thereafter nothing was done by the plaintiff with respect to bringing the action to trial, until the motion for a dismissal of the complaint for a neglect to prosecute the action was made. No notice of trial was served, and no note of issue was filed.

The motion to dismiss the complaint was made in the month of April, 1909, or about five years after issue was joined, and long after younger issues had been reached and tried. No affidavit was presented in opposition to the motion, but counsel for plaintiffs was heard orally. The court, instead of granting the motion, denied it upon condition that the plaintiffs forthwith file a note of issue and pay $10 costs of the motion. We are of opinion that the motion should have been granted. The rule has long since been established that, where junior issues have been reached for trial, it is incumbent on the plaintiff to show facts to excuse his apparent neglect to prosecute the trial with due diligence, and that in the event of his failure so to do the motion should be granted. Anderson v. Hedden & Sons Co., 116 App. Div. 231, 101 N. Y. Supp. 585.

The order should therefore be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.