M'LISS M. DOLD et al., Respondents, *v.* COUNTY OF NIAGARA, Appellant.

Fourth Department, January 16, 1946.

*Robert L. Rice, Jr.,* for appellant.

*Elijah W. Holt* for respondents.

*Per Curiam.* This appeal brings up for review two orders of the Niagara Special Term, one denying defendant's motion to dismiss, under section 181 of the Civil Practice Act, and rule 156 of the Rules of Civil Practice, for failure to prosecute, and the other, under section 476 of the Civil Practice Act, and rule 112 of the Rules of Civil Practice, denying defendant's motion to dismiss all of the causes of action in the complaint, other than the first, and so much of the first which alleges or seeks money damages.

The Special Term's denial of the first motion should be affirmed. We reach the conclusion that, while plaintiffs have delayed moving the cause for trial, their failure so to do has been sufficiently explained so that the delay cannot be held to be unreasonable. Neither are we satisfied that this delay has worked to the serious disadvantage of the defendant.

On the argument of the appeal, insofar as it related to the order in the second motion, appellant withdrew any claim that the causes of action, other than the first, should be dismissed, because, sounding in trespass, they are barred by the six-year Statute of Limitations. These six causes of action, if they all sound in trespass, as appellant seems to concede, and the first cause of action in ejectment, are correlative. Unless plaintiffs succeed upon their first cause of action they will have no standing to maintain the others. Under section 258 of the Civil Practice Act, inconsistent causes of action may be joined. The fact that under common-law procedure damages to the freehold

could not be recovered until plaintiffs' right to the property in question was established by a judgment in ejectment, no longer applies, in view of section 258 of the Civil Practice Act. While we doubt that causes of action Second and Seventh really sound in trespass, we deem it unnecessary to pass upon that question in view of the seeming concession of appellant that all of the causes of action, other than the first, are trespass actions.

Insofar as the second motion sought to strike out from the first cause of action the allegations of money damages, it is not clear that, on a motion under section 476 of the Civil Practice Act, such relief is available. (*Lowe* v. *Lowe,* 265 N. Y. 197, 202; *Winter* v. *American Aniline Products, Inc.,* 236 N. Y. 199, 204.) While we agree with appellant that damages ordinarily recoverable in ejectment, under sections 990 and 1011 of the Civil Practice Act, cannot be had under the first cause of action, because they are neither specifically demanded, nor pleaded (*Pfeffer* v. *Kling,* 58 App. Div. 179, affd. 171 N. Y. 668) we are disinclined to agree with its claim that these are the only damages recoverable. (*Dime Savings Bank* v. *Altman,* 275 N. Y. 62, 71–72; *City of Syracuse* v. *Hogan,* 234 N. Y. 457, 463; *Gas-Light Co.* v. *Rome, W. & O..R. R. Co.,* 51 Hun 119.) While *City of Syracuse* v. *Hogan* (*supra*) was not an action in ejectment, it was so treated and the rule as to damages in ejectment actions stated in the majority opinion. Even if we were inclined to agree with appellant's position as to the damages recoverable in the first cause of action, we would be disinclined to reverse the Special Term's denial as to that part of the motion, because defendant is not harmed, since it is clearly apprised by the entire complaint just what damages the plaintiffs are seeking. The trial court will permit the recovery of such damages, only, as may be recovered in an action of ejectment and as are warranted by the pleading.

Our affirmance of the second order is not to be deemed a determination that plaintiffs can recover, in a strict action of ejectment, any such damages as pleaded in the first cause of action. However, we cannot tell from the pleadings on just what theory plaintiffs are proceeding. That will have to await the trial. While the affidavits used on the first motion cannot be considered on the disposition of the second one, we deem it advisable to state that we do not determine that if, upon the trial, it develops that the plaintiffs are not the owners of this property in question and hold no assignments of the causes of action asserted in their complaint, the substitution in their place of the real party in interest would be permissible. Nor

do we pass upon the right of plaintiffs to recover on any of the causes of action if it develops that this is not a county highway. All these questions must await the trial of the action and be determined by what is developed then.

The orders should be affirmed, with $10 costs and disbursements.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, McCURN and LARKIN, JJ.

Orders affirmed, with $10 costs and disbursements.