GEORGE K. BENNETT, Plaintiff, *v.* HARRISVILLE COMBING MILLS, INC., et al., Defendants.

Supreme Court, Special Term, Kings County, February 26, 1952.

*Ernst, Cane & Berner* for Harrisville Combing Mills, Inc., defendant.

*Robert K. Story* for plaintiff.

WALSH, J. The corporate defendant herein moves for an order directing a severance of plaintiff's cause of action against the deceased individual defendant so as to continue the action against the corporate defendant alone. By companion motion, plaintiff moves for a continuance of the action against the executrix of the deceased individual defendant.

The affidavits submitted on this motion disclose that the deceased individual defendant was at all times a resident of the State of Rhode Island, that his wife was appointed executrix of his estate by the Probate Court in Rhode Island and that ancillary letters have not been issued in this State. The affidavit of the treasurer of the corporate defendant states that " Ancillary Letters will not be taken out by the estate of the individual defendant in the State of New York."

The action is for breach of an alleged contract. No warrant of attachment has been levied against the property of the deceased defendant. There is no *res* within this jurisdiction. The action being in personam, this court has lost jurisdiction over the person of the defendant Levy. Section 84 of the Civil Practice Act, permitting the continuance of an action against a deceased party's legal representative, has no application to legal representatives appointed outside of the State of New York.

Prior to 1926 (from 1911 to 1926), section 160 of the Decedent Estate Law permitted suits *by and against* foreign administrators and executors. However, the provision permitting suits *against* foreign representatives was held unconstitutional (*McMaster* v. *Gould,* 240 N. Y. 379). Thereafter, the Legislature repealed this section of the Decedent Estate Law in its entirety. (L. 1926, ch. 660.) Thus, until September 1, 1951, the general rule was that a foreign executor or administrator could not sue or be sued in the courts of this State except in certain cases involving the disposition or preservation of a *res* within the jurisdiction, actions under section 130 of the Decedent Estate Law and wherever it appeared essential to the administration of justice. (*Driscoll* v. *Loeb,* 270 App. Div. 150; *Baldwin* v. *Powell,* 294 N. Y. 130; *Helme* v. *Buckelew,* 229 N. Y. 363.)

By section 1 of chapter 522 of the Laws of 1951, effective September 1, 1951, section 160 of the Decedent Estate Law was revived so as to permit suits *by* a foreign legal representative upon meeting certain requirements. Suits against foreign legal representatives are not within the contemplation of this section. (See Decedent Estate Law, § 160 — Annotations.)

The cases cited by plaintiff are not applicable. *Crozier* v. *United States Steel Corp.* (144 Misc. 727, affd. *sub. nom. First Nat. Trust & Sav. Bank of San Diego, Calif.* v. *United States Steel Corp.*, 236 App. Div. 776) involved no personal claim against the administrator. The *res* was within the State and an action was pending within the State to determine conflicting claims to the *res*. *Logan* v. *Greenwich Trust Co.* (203 N. Y. 611) was an action in which a warrant of attachment had been obtained and a levy made.

The motion for continuance of the action against the deceased defendant's executrix is denied. The motion for a severance is granted without prejudice to a motion for consolidation with an action against the representative of the deceased individual defendant if one is properly continued or instituted before the action against the corporate defendant is reached for trial. Settle orders.