JEAN FRIEDLANDER et al., Plaintiffs, *v.* ROXY THEATRE, INC., Defendant.

Supreme Court, Special Term, Bronx County, September 16, 1953.

*Thomas P. Curtin* for defendant.

*Harold W. Grubart* for plaintiffs.

MATTHEW M. LEVY, J. The defendant moves to dismiss for lack of diligent prosecution. The action is in negligence. The plaintiffs are the wife and the husband (the latter derivatively). The accident occurred on January 2, 1949. The action was commenced on December 10, 1949, and issue was joined on December 27, 1949. The plaintiffs did not notice the cause for trial until after the making of the present motion; and now the matter has been placed upon the calendar for the September 1953 term of this court.

Belated diligence — subsequent to the motion to dismiss — does not excuse past neglect (*Giovannucci* v. *Brooklyn & Richmond Ferry Co.,* 278 App. Div. 861; *Holtzoff* v. *Dodge & Olcott Co.,* 134 App. Div. 353). I must therefore look at the situation as it existed just prior to the defendant's motion.

Nonfiling of a note of issue for six months after joinder of issue requires dismissal for failure diligently to prosecute (Civ. Prac. Act, § 181, Rules Civ. Prac., rule 156), unless of course there is justifiable excuse (*Endicott Trust Co.* v. *Lehigh Val. R. R. Co.,* 258 App. Div. 1009; *Dold* v. *County of Niagara,* 270 App. Div. 344). Yet the plaintiffs have permitted three years and seven months to go by without proceeding further than to commence the action (*Farber* v. *Broadco Holding Corp.,* 256 App. Div. 833). What is the claimed excuse?

It is alleged that the plaintiff husband had agreed to advance the disbursements to place the case upon the trial calendar and that because of financial incapacity this was not done. If this were so, leave might have been obtained to sue as a poor person (*Rochefort* v. *Stillman,* 246 App. Div. 559). It is also claimed by the plaintiffs' attorney that his " office was rearranged about two years ago ", and " unfortunately, by mistake, my managing attorney at the time, placed this case in the closed file cabinet and same did not come to my attention sooner ". This has been held not to be a reasonable excuse (*McCardell* v. *Metropolitan St. Ry. Co.,* 124 App. Div. 528). It is further stated that quite lately the plaintiffs' attorney " attempted to communicate with the plaintiff Louis Friedlander and, much to my regret, I learned that he had taken his life about two years ago ". Neither the plaintiffs' attorney nor the plaintiff wife claims that the husband's demise caused them to refrain from proceeding with her action.

No affidavit has been presented by the principal plaintiff, alive and presumably well. Nor is that all. No complaint or other pleading has been submitted; no bill of particulars has been filed. All that I have before me is the conclusory statement of plaintiffs' attorney in his affidavit that the plaintiff wife " slipped and fell down the balcony stairs in the said [defendant's premises] and sustained serious and severe injuries ". I have received no affidavit tending to show negligence in the defendant or freedom from contributory negligence of the plaintiff. There is no proof of merits whatsoever, and no factual statement or medical affidavit as to the nature and extent of the alleged injuries (*Gabrielson* v. *Brookhattan Trucking Co.*, 250 App. Div. 861).

While I am loath to dismiss a meritorious action for lack of prosecution, the exercise of my discretion even in such case must be a judicial one (*Finke* v. *Commonwealth Ins. Co.*, 276 App. Div. 814; *Melmed* v. *Gladding & Co.*, 279 App. Div. 1128), and in the case at bar there is no semblance of proof of merit. The burden is upon the respondent on a motion such as this to present facts indicating a just cause of action and a reasonable excuse for the delay in its prosecution (*Armstrong* v. *Star Co.*, 154 App. Div. 320; *Ferber* v. *Newgold*, 133 App. Div. 739). I regret to say that I find the defensive papers in the instant case to be woefully inadequate. The motion to dismiss the wife's cause of action must be granted.

Under section 119 of the Decedent Estate Law, the husband's cause of action for loss of services did not abate upon his death. The relationship of client and attorney however was thereby terminated (*Van Campen* v. *Bruns*, 54 App. Div. 86), and the plaintiffs' attorney was without authority to file a note of issue as to the husband's cause of action. Nor, indeed, could valid service of the instant motion papers to dismiss be made upon the attorney for the now deceased plaintiff (Civ. Prac. Act, §§ 85–88; *Hart* v. *Blabey*, 286 N. Y. 75; *O'Brien* v. *Flynn*, 228 App. Div. 704). The motion with respect to the husband's suit is not now properly before the court, and the application in that regard is dismissed.

Settle order.