■ MARY WALSH, Respondent, v. BEN RILEY'S ARROWHEAD INN, INC.,
et al., Appellants.— In an action to recover damages for an alleged breach of
contract, order denying a motion to dismiss the complaint for lack of prose-
cution reversed, with $10 costs and disbursements, and motion granted. The
action was commenced in June, 1953 and a note of issue was filed for the
March, 1954 term. The case was called for trial in March, 1954 and marked
off the calendar. Thereafter, it was again called, and again marked off in
March, 1955. At the time the motion to dismiss was made, it had not been
restored to the calendar. It was consequently deemed abandoned, and it was
the duty of the clerk to make an appropriate entry of the dismissal of the
complaint without further order (Rules Civ. Prac., rule 302; Westchester
County Supreme Court Rules, rule 3, subd. [h]). Under such circumstances,
if it be assumed that respondent could move to restore the action to the trial
calendar without an order opening her default (cf. *Klein* v. *Vernon Lbr. Corp.*,
269 App. Div. 71; *Niewiadowski* v. *Kulp-Waco*, 279 App. Div. 974), she
should have served a cross notice of motion for such relief (Civ. Prac. Act,
§ 117; *Helfand* v. *Massachusetts Bonding & Ins. Co.*, 197 App. Div. 759) and
should have established by appropriate affidavits reasonable excuse for her
delay (*Lange* v. *Bagish*, 285 App. Div. 833; *Ferber* v. *Newgold*, 133 App. Div.
739) and that the cause of action asserted in her complaint was meritorious
(*Brassner Mfg. Co.* v. *Consolidated Edison Co.*, 1 A D 2d 840; *Fassett* v.
*Valley Feed & Supply Co.*, 283 App. Div. 1081; *Smith* v. *Schiller*, 279 App.
Div. 755). No cross motion was made, nor did the affidavit submitted in
opposition to the motion disclose any sufficient excuse for respondent's neglect
to prosecute the action or that there was any merit to the cause of action

asserted. Under such circumstances, the denial of the motion was an improvident exercise of discretion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.