Matthew M. Levy, J.
This is an action in slander. Judgment was entered in plaintiff’s favor as by default. Defendant moved to vacate the judgment on the ground of nonservice of the summons. I referred the matter to an Official Referee to take testimony on the issue of fact and to report with his recommendations, holding determination of the motion in abeyance pending the coming in of such report. In his report, the Referee, after outlining the proof adduced before him, stated that “ on the basis of the credible testimony ” he found for the defendant. The minutes of the hearing were “ waived ” before the Referee and they are not presented to me on this motion. Instead, the application is submitted on affidavits presenting conflicting inferences from what was asserted to have been the testimony before the Referee. On such a state of the record, I find no ground to upset the Referee’s report and recommendation. The issue was one of credibility, and his viewing of the witnesses aided his resolution of the issue.
There is one matter, however, which — while it does not affect the result — I shall bring up, sua sponte, so that it may not be assumed that it has been overlooked by me. It is casually mentioned in the affidavits that, prior to the time when the matter came on for hearing before the Referee, plaintiff had died and that his widow had been appointed administratrix. The hearing proceeded and an order of substitution of the administratrix as party plaintiff was thereafter entered. I suppose it would have been more in keeping with the formalism of appropriate procedure in such cases were the hearing to have been postponed until the substitution had been effectuated on the record. For, “ [t] hough statutory enactments now provide for the survival of various types of actions and proceedings after the death of a party, it is not [ordinarily] anticipated that such actions or proceedings go on without change. In such an event there [normally] results a suspension of activity until a substitution is made for the deceased party” (Angelo v. Angelo, 282 App. Div. 981 [matter in brackets inserted by me]; cf. Friedlander v. Roxy Theatre, 204 Misc. 740, 742, affd. 283 App. Div. 860).
*629 But, in the instant case, neither party requested adjournment pending formal substitution; the plaintiff urged that a substitution was not necessary; the parties proceeded before the Referee without it; the facts of death, administration and subsequent substitution were noted merely in passing in the present affidavits; the issue on the point (if any) was not presented or briefed by counsel. Indeed, even now, notwithstanding the existing order of substitution, the parties still title their papers as if the original plaintiff were still alive. The decedent was not a witness to the alleged service of process, and his demise did not in any way affect the merits of the issue before the Referee. In the circumstances, to hold the determination of this motion in abeyance again pending the report of the Official Referee to be grounded upon a new hearing held with the substitute plaintiff, would be but pandering to a strictness that is not justified by the instant facts or proceedings. To require a rehearing here would not, in my view, be just.
The present motion to confirm is granted. The earlier motion to vacate the judgment upon the ground of alleged nonservice of the summons is granted. Settle one joint order on both motions, reciting all the papers on both, noting therein the demise of the presently named plaintiff and entitling the order properly.