Matthew M. Levy, J.
This is a motion by the defendant in a negligence action for an order directing that the action abate in that the plaintiff has died since its commencement (Civ. Prac. Act, § 88) or in the alternative that the complaint be dismissed for failure diligently to prosecute (Bules Civ. Prac., rule 156). *801 As to the alternative branch of the motion, it cannot be said that there has been any neglect to prosecute. Indeed, in view of the demise of the plaintiff, no procedures may properly be invoked in the prosecution or defense of the cause except to obtain, upon due application, a substitution of an appropriate party plaintiff (see Friedlander v. Roxy Theatre, 204 Misc. 740, 742, affd. 283 App. Div. 860; cf. Hannes v. Kleinman, 6 Misc 2d 627, 628).
That brings me (in reverse) to the first branch of the motion. Section 88 of the Civil Practice Act provides that “ [a]t any time after the death of the plaintiff, * * * the court, in its discretion, upon notice to such persons as it directs, and upon the application of the adverse party, or of a person whose interest is affected, may direct that the action abate, unless it is continued by the proper parties, within a time specified in the order” (italics supplied). I construe this section to require that an application thereunder must be brought on, not by notice of motion, but by order to show cause in which the court directs which persons are to receive notice and the manner of service thereof. On the instant motion, the defendant has proceeded by way of notice; and while, undoubtedly, the defendant has in good faith sought to serve the notice upon all who have come to its attention as interested in this matter, that does not suffice to satisfy what I conceive to be the requirements of the statute. That problem is particularly pointed up, for example, where, as here, no notice was served upon Mathilda Muller, as executrix of the estate of Sophie Muller, deceased, appointed as such by the plaintiff’s will duly probated in the Surrogate’s Court, New York County, although there appears to have been notice served by mail upon a “ Miss Muller, c/o Hotel Marseille, New York, New York”, and upon a “Miss Muller, 30 East 37th Street, New York, New York ”.
Collateral issues have arisen as well. In an answering affidavit filed on this motion by the plaintiff’s attorney of record in this case, he asks for leave to withdraw as her attorney. Assuming that to be necessary- — which I doubt (see Friedlander v. Roxy Theatre, supra, p. 742) —it is obvious that any such request cannot now be granted. No copy of the affidavit appears to have been served upon any of the interested parties. Moreover, an application such as this (if one be required to be made), should be presented by way of a direct motion, with due notice thereof served upon all necessary parties.
Another attorney, also by way of answering affidavit submitted in opposition to the defendant’s motion-in-chief and not served upon any other person, states that he was retained by *802 the executrix on a 50% contingency, that he has been able to procure a settlement of the action by means of negotiation with the defendant and that, notwithstanding that the settlement is a good one, the executrix and another sister of deceased (apparently the only ones the plaintiff left her surviving who might have an interest in the assets, if any, recoverable in this action) seem not at all concerned and refuse to co-operate with this attorney or to respond to his communications. He asks that the court direct that the action be marked settled and that he be paid his fee of 50% out of the proceeds received and that the balance of the settlement be deposited in court to the credit of the persons entitled to the same. Of course, such a prayer cannot be granted in this back-door fashion. It may be a hardship on this attorney for me so to hold, but, here again, it must be said that the cause of action is the client’s, not the lawyer’s (Matarrese v. Wilson, 202 Misc. 994, 997-998; Holder v. New York City Tr. Auth., 4 Misc 2d 10, 12). A direct application to be relieved of his retainer, with due notice to his unwilling client, is the lawyer’s remedy, at which time there will be full protection of his attorney’s lien (Judiciary Law, § 475).
The motion by defendant is denied and the collateral requests by the respective attorneys are rejected, all without prejudice to appropriate applications upon due notice.