Matthew M. Levy, J.
This action is for an accounting. and conversion based upon transactions between Kurt W. Haeseler and defendant. It was commenced, after Kurt’s demise, by Elizabeth P. Haeseler as administratrix of his estate. Thereafter, and on May 6, 1959, Elizabeth died. William Halsey Pcckham was duly appointed executor of her estate on May 13, 1959. Peckham now moves for leave to serve an “ amended ” (truly a “ supplemental”) complaint permitting him, in his representative capacity as executor of the estate of Elizabeth P. Haeseler, deceased, to be substituted as party plaintiff.
The application has been properly made and is granted (2 Carmody-Wait, New York Practice, pp. 111-112; Muller v. National Transp. Co., 10 Misc 2d 800). There has been no such undue delay since the time of the death of plaintiff as to prejudice defendant or to defeat the motion by reason of laches. Nor, *94 in the circumstances, need there be presented, on this application, proof of merit in the cause of action sought to be continued.
The supplemental complaint is to be served within 10 days after the service of a copy of this order with notice of entry thereof, without prejudice to the proceedings already had.