William R. Brennan, Jr., J.
The plaintiff in this action moves for an order pursuant to CPLE 1015, subd. (a) continuing the action against two executrices of the estate of a defendant who has died, since the commencement of the action, a domiciliary of the State of Florida where the appointment of the fiduciaries is alleged to have been made. The motion must be denied without prejudice to a renewal upon proper service and upon papers which shall include customary documentary evidence of the appointment (which is presently alleged on information only without stating the sources thereof) and a copy of the pleadings (cf. Robinson v. Thomas, No. 1, 123 App. Div. 411).
As to service, the alleged fiduciaries, not yet being parties hereto, must be given notice in the appropriate manner (Wilson v. Harter, 57 App. Div. 484; Clancy v. Bernstein, 66 N. Y. S. 2d 52; Muller v. National Transp. Co., 10 Misc 2d 800). Service by ordinary notice of motion made upon the attorney for the deceased defendant is not valid since his authority to act terminated with the death of the deceased defendant (Van Campen v. Bruns, 54 App. Div. 86, 89; Friedlander v. Roxy Theatre, 204 Misc. 740, 742, and cases there cited); although he is required to be served in his capacity as attorney for the remaining defendants (CPLE 2103, subd. [e]). Service upon attorneys in another jurisdiction who have not appeared in this action is likewise invalid in this context. (See, also, 2 Weinstein-KornMiller, N. Y. Civ. Prac., p. 10-155 where it is stated “ if notice *350 is given to a nonparty to be substituted, it is served in the same way as a summons pursuant to Article 3 of the CPLR ’ ’, and note CPLR 1021 [second sentence]: “If a person who should be substituted does not appear voluntarily he may be made a party defendant.”) The word “defendant” originally read ‘ ‘ by service of a summons ’ ’. The replacement is stated to have been made with no change in meaning (5th Perliminary Report [N. Y. Legis. Doc., 1961, No. 15], pp. 323-324; 6th Report [N. Y. Legis. Doc., 1962, No. 8], pp. 167-168).
It may well be that the position of the attorney for the' deceased defendant that proper procedure requires the appointment of anciliary representatives in New York is well taken. (See Gruberger v. Titus, 16 A D 2d 813, holding that there was no authority for continuing [as distinguished from commencing] an action against foreign estate representatives; Bennett v. Harrisville Combing Mills, 204 Misc. 279; McMaster v. Gould, 240 N. Y. 379; and see, also, Muller v. Muller, 6 A D 2d 891; Matter of Riggle, 11 A D 2d 51, affd. 11 N Y 2d 73.) The court simply holds that determinations of these issues may not be made on the present papers.