■ JOSEPH RAMKISON, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [702 NYS2d 825] —Judgment, Supreme Court, New York County (Robert Whelan, J.), entered January 7, 1999, which, upon a jury verdict in defendants' favor, dismissed the complaint in this action to recover for personal injuries, unanimously affirmed, without costs.

Plaintiff's application at trial to read the deposition of a nonparty witness into evidence was properly denied since plaintiff did not make the requisite diligent effort to procure the witness's attendance (see, CPLR 3117 [a] [3] [iv]). Moreover, in light of the evidence considered by the jury, any error in the exclusion of the nonparty witness's deposition testimony would have been harmless (see, Tannen v Long Is. R. R., 215 AD2d 745). Concur—Tom, J. P., Rubin, Andrias, Buckley and Friedman, JJ.

■ FRED E. SALAMON, Respondent, v LEON CHARNEY et al., Appellants. [703 NYS2d 42] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 14, 1999, which denied defendants' motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

This second action to recover a broker's fee was commenced after the six-year limitations period had run and after the January 1, 1998 effective date of current CPLR 306-b. CPLR former 306-b (b) related this action back to the timely commencement of a prior action to recover such fee that was dismissed for lack of proper service after January 1, 1998 and after the limitations period had run. We note that the second action was commenced within 120 days of the dismissal of the first, as CPLR former 306-b (b) required (see, Zaleski v Mlynarkiewicz, 255 AD2d 379). Moreover, the "good cause" or "interest of justice" provisions of current CPLR 306-b would apply to this case to extend plaintiff's time to serve (see, Mem of Off of Ct Admin No. 97-67R, 1997 NY Legis Ann, at 318-319). Concur—Tom, J. P., Rubin, Andrias, Buckley and Friedman, JJ.