■ ESTATE OF ANDRE JERVIS, Deceased, et al., Appellants, v TEACHERS INSURANCE AND ANNUITY ASSOCIATION et al., Respondents. [720 NYS2d 21] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 13, 1999, which, in an action for, *inter alia*, employment discrimination due to disability, insofar as appealed from, granted defendant-respondent employers' motion pursuant to CPLR 306-b to dismiss the action for failure to make timely service as required by CPLR 306-b, and order, same court and Justice, entered on or about January 14, 2000, which, to the extent appealable, denied plaintiff's motion to renew, unanimously affirmed, without costs.

Plaintiff's decedent's employment was terminated on June 30, 1995; he died of the cancer that allegedly motivated his alleged wrongful termination on September 1, 1997; and it is undisputed that the Statute of Limitations on his employment discrimination claims expired on September 1, 1998 (CPLR 210 [a]). While the summons and complaint were timely filed on May 26, 1998, it was not until after the expiration of both the Statute of Limitations, on September 1, 1998, and the CPLR 306-b 120-day period for making service, on September 25, 1998, that plaintiff's attorney learned that his process server had never served the employer defendants. Claiming that he was unaware that CPLR 306-b had been amended as of January 1, 1998 to eliminate the right to recommence, within 120 days, an action deemed automatically dismissed for failure to make service within 120 days of filing, plaintiff commenced a second action by filing an identical summons and complaint on November 13, 1998, which were served on defendants on November 20, 1998. Defendants moved to dismiss the second action on January 20, 1999 as barred by the Statute of Limitations, at which time plaintiff's attorney learned of the amendment to CPLR 306-b. On March 22, 1999, plaintiff's attorney caused the summons and complaint in the first action to be served on defendants, and, on April 5, 1999, moved to have such service validated nunc pro tunc. On April 9, 1999, defendants moved to dismiss the first action for failure to make timely service as required by CPLR 306-b. The motion court

dismissed both actions, the first for failure to make timely service, and the second as barred by the Statute of Limitations.

Plaintiff fails to show "good cause" within the meaning of CPLR 306-b for her failure to serve the summons and complaint in the first action by the September 25, 1998 deadline. The 120-day period under the original statute should not be extended in the interest of justice, as also permitted by current CPLR 306-b, where there was an unacceptably protracted delay measured from the expiration of the 120-day period (*compare*, *Busler v Corbett*, 259 AD2d 13, 17).

In view of the foregoing, the affidavit of merits that plaintiff sought to have considered on her motion to renew is unavailing. Concur—Sullivan, P. J., Rosenberger, Tom, Ellerin and Friedman, JJ.