■ THOMAS MURPHY, Respondent, v REUBEN HOPPENSTEIN, M.D., et al., Defendants, and NOEL HENRY, P.A., et al., Appellants. [720 NYS2d 62] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered September 22, 1999, which, in an action for medical malpractice, *inter alia*, granted plaintiff's motion pursuant to CPLR 306-b for an extension of time to make re-service on defendant Altman nunc pro tunc as of the time such re-service was made, and directed defendants to serve an answer, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 22, 1999, which, in a second action for medical malpractice, *inter alia*, denied defendants' motion to dismiss the complaint as barred by the Statute of Limitations, and, *sua sponte*, consolidated the two actions, unanimously affirmed, without costs.

We reject defendant Altman's argument that an extension of the CPLR 306-b 120-day period to make service of the summons and complaint may be granted only if no service, as opposed to improper service, is made within the 120-day period (*see, Gurevitch v Goodman*, 269 AD2d 355; *cf., Salamon v Charney*, 269 AD2d 256). Such "extensions of time should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service" (Mem of Off of Ct Admin #97-67R, 1997 NY Legis Ann, at 319), regardless of the expiration of the Stat-

ute of Limitations after filing and before service (*see, Griffin v Our Lady of Mercy Med. Ctr.*, 276 AD2D 391). Clearly, plaintiff's efforts to serve defendant Altman were reasonably diligent. The second action, which plaintiff commenced before the order of September 22, 1999 apparently reinstated his first action, was timely commenced within six months after the first action was dismissed for what were characterized by the motion court as "law office failings" (CPLR 205 [a]; *see, Tellez v Saranda Realty*, 197 AD2d 439). Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.