Castro v Mione (2004 NY Slip Op 50359(U))

[*1]

Castro v Mione

2004 NY Slip Op 50359(U)

Decided on May 6, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 6, 2004

Supreme Court, Kings County
 MARIA CASTRO, Plaintiff, vs.
against
JOHN MIONE, Defendant.
Index No. 16540/03

Yvonne Lewis, J.
This case deals with a May 31, 2000 slip and fall accident at 835 Hart Street, Brooklyn, NY. Attorneys for the defendant have now moved this court to dismiss the within action with prejudice on the basis that the defendant has been deceased since May 23, 1992 and as such has no standing to be a party to litigation, could not have been properly served, and did not own the said premises on the date of the injury. In addition, the defense asserts that even if a proper defendant could now be found and interposed, said action would be time barred inasmuch as the applicable three year statute of limitations has expired.
The plaintiff asserts that defendant's ". . .motion should be denied due to the fact that John Mione is still listed as the owner of record [and] there is nothing in the record which would have put plaintiff on notice of the fact the defendant had died or that title had changed." The plaintiff has also submitted a cross motion for leave, in the interest of justice, to amend her complaint to add the representatives of the defendant's estate as a party defendant. The plaintiff notes that although this action was commenced by the filing of a summons and complaint on May 2, 2003, (served on the defendant's wife on May 28, 2003), to which the defense served an answer on July 23, 2003 and a demand for a bill of particulars and for the plaintiff's deposition on October 16, 2003, it wasn't until August 18, 2003 after the expiration of the applicable statute of limitations that defense counsel sent her a copy of John Mione's death certificate. Plaintiff further argues that her cross motion should be granted in the interest of justice inasmuch as the defense cannot claim surprise or prejudice thereby.
The defense, in opposition, maintains that 1. its answer, which pre-dated expiration of the statute of limitations, contained as an affirmative defense the fact that Mr. Mione was deceased; and, 2. amending a complaint to add the administrator does not effectuate proper service within the statute. Put another way, the defense holds that the ". . .plaintiff's action is barred by statute and cannot be maintained against John Mione who is deceased, or the estate who was never served or advised of this matter."
The Court of Appeals, in The Matter of Stern, 91 NY2d 591, 673 NYS2d 972, expressly found that "The New York State Constitution confers jurisdiction on the Surrogate's Court over all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto, . . .and such other [*2]actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law. (Citing, NY Const., Art. VI, §12[d]). The codification of the Surrogate's Court Procedure Act in 1966 was intended to implement the powers of that court 'to permit all matters relating to affairs of decedents to be determined in the court settling the estate'(citing Mem. Of Temp. St. Comm. On Estates, Bill Jacket, L. 1966, ch. 953). The Surrogate's Court Procedure Act specifies that the Surrogate's Court's general jurisdiction encompasses 'all the jurisdiction conferred upon it by the constitution. . .and all other authority and jurisdiction now or hereafter conferred upon the court by any general or special statute or provision of law, including this act (citing SCPA 201[1]). 
According to EPTL §11-3.2( a )(1), "No cause of action for injury to person or property is lost because of the death of the person liable for the injury. For any injury, an action may be brought or continued against the personal representative of the decedent. . ."
"Subdivision (a) of CPLR 1015 provides that 'If a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties.' . . .and the action could therefore be continued against the personal representative of the decedent (See Topal v. BFG Corp., et. al., 108 AD2d 849, 485 NYS2d 352, citing EPTL, 11-3.1, 11-3.2, subdiv. [a], par. [1]). The Appellate Division added, however, that ". . .where the personal representative is not yet a party to the action, service of the notice of motion of substitution. . .must be made in the manner prescribed for service of a summons under article three of the CPLR (citing, Lewis v. Lewis, 43 Misc.2d 349, 250 NYS2d 984, 2 Weinstein-Korn-Miller, NY Civ Prac., par. 1021.05; Siegle, NY Prac., § 186). 'The procedure for revival of an action by substitution of the personal representative, far from being a mere technical formality, is rather, the recognized means by which a court obtains jurisdiction over the personal representative' (citing, Matter of Einstoss, 26 NY2d181, 309 NYS2d 184), and it is therefore "necessary that the representative be served with process and accorded 'all the procedural safeguards required by due process of law' before the court may enter a binding judgment against him (citing Einstoss, supra, 26 NY2d181, 309 NYS2d 184). Thus, service of the papers in the manner prescribed for motion papers generally (CPLR 2103, 2214) will not suffice. . ."
CPLR §306-b provides that service of a summons and complaint shall be made within one-hundred and twenty days after the commencement of the action; however, a court can extend this period for good cause showing or in the interest of justice.
In the matter of Murphy v. Hoppenstein, 279 AD2d 410, 720 NYS2d 62, the Appellate Division, 1st Department held that "extensions should be liberally granted whenever the plaintiffs have been reasonably diligent in attempted service regardless of the expiration of the Statute of Limitations after filing and before service." The court went on to reject the argument that an extension of the CPLR 306-b 120 day period to make service of the summons and complaint may be granted only if no service, as opposed to improper service, is made within the 120 day period.
In Jervis v. Teachers Insurance and Annuity Association, 279 AD2d 367, 720 NYS2d 21, the 1st Department found that there must be a demonstration of "good cause" to explain a failure to serve a summons and complaint to activate the provisions of CPLR 306-b, and where there has been an unacceptably protracted delay measured from the expiration of the 120 day period, the statute could not be extended in the interest of justice. Likewise, the Appellate Division, 2nd Department, in Leader v. Maroney, Ponzini & Spencer, 276 AD2d 194, 718 NYS2d 374, held that [*3]CPLR §306-b requires that a summons and complaint with notice be served upon a defendant within 120 days after the commencement of the action, [and] authorizes a court to extend the 120 day service period for "good cause showing" or "in the interest of justice." The Court specifically found that "in keeping with the legislative intent to liberally grant extensions in cases where, as here, the statute of limitations has expired after filing, and in view of the fact that the plaintiff has a potential meritorious cause of action and the defendants made no showing of prejudice, we find that the Supreme Court properly exercised its discretion in granting the plaintiff's motion for an extension of time to effect service. . ."
In the matter, sub judice, a summons and complaint was filed with the court on the day that the statute of limitations would have expired (5/2/03). According to CPLR 306-b, the plaintiff had 120 days; i.e., until 9/2/03 to effectuate service. Service was made on the surviving spouse of the deceased defendant on 5/28/03. The surviving spouse retained counsel who served an answer on 7/23/03 which advised that the named defendant was deceased. At that point, there remained approximately five weeks of the 120 day limit. A certificate of death was furnished to p to annul, set aside, and declare illegal the Board of Standards and Appeals' (BSA) March 25, 2003 decision (Application No. 300985272; Cal. No.193-01-BZ) which it claims denied a variance for 3044 Coney Island Avenue, Brooklyn, NY, pursuant to ZR § 72-21 laintiff's counsel on 8/18/03 showing that the named defendant had died in 1992, leaving roughly 2 weeks of the 120 days. The instant motion to dismiss was made on or about 8/28/03 (4 days remained). Practically one month later, the plaintiff opposed dismissal by way of an affirmation in opposition, dated 9/22/03, on the grounds that an answer had been interposed, demands made for discovery, and that depositions had been scheduled. In addition, the Plaintiff argued that it was only after the statute of limitations had expired that the defense had moved to dismiss on the basis that the defendant was dead. Thereafter, on 10/02/03 (one month after the expiration of the 120 day limit), plaintiff cross-moved to substitute the defendant's estate. At no time prior thereto had attorneys for the plaintiff attempted to have the defendant's personal representative substituted in his place, or, try to extend the time within which to make service on the representative of the defendant's estate.
It is indisputable that the named defendant, who had died in 1992, remains the title owner of record to the subject premises. Nevertheless, the afore-mentioned facts ill afford any compelling rationale as to why the plaintiff made no attempt to amend the summons and complaint during the remaining CPLR 306-b period or any other effort which could be discerned as a good faith basis to extend the 120 day rule to effectuate service. However, the fact that the defendant's surviving spouse was the one served with a copy of the summons and complaint argues against any potential claim of surprise or of prejudice to the defendant's estate, especially since under SCPA §1001(1)( a ), she has first preference to serve as his administratrix, and under EPTL § 4-1.1 she would be entitled to all or over one-half of the intestate share of his estate . In addition, it bears to note that the defendant has not disputed a meritorious claim of injury on the plaintiff's part. Accordingly, this Court finds that under all of the circumstances of this case, the plaintiff should, in the interest of justice, be permitted to amend his summons and complaint to substitute the Estate of John Mione as defendant, and be afforded thirty days to effectuate service once a personal representative has been appointed for the estate. This constitutes the decision and order of this Court.
[*4]
 JSC
Decision Date: May 06, 2004